## UPDEGRAFF v. TRASK.

THE heir has a right of entry upon the real estate left by his ancestor, subject only to the statutory right of the administrator; and where there is no administrator, the heir can maintain ejectment.

APPEAL from the Eleventh District.

Ejectment. The complaint, filed in June, 1861, alleges that plaintiff is sole heir of one Updegraff, who died in 1858 seized of certain mining claims; that there are no outstanding debts against the estate, and therefore that there is no necessity for any administrator; and that defendant has wrongfully entered, etc. Defendant filed a general demurrer. Overruled, and final judgment for plaintiff. Defendant appeals.

*Tuttle & Hillyer*, for Appellant.

Plaintiff is not entitled to possession, and cannot maintain ejectment. Under our probate system, an administrator must be appointed. (Probate Act, secs. 114, 194–5.) This is without reference to the existence or nonexistence of debts. Even after the debts are paid, the administrator retains possession until the Probate Court by its decree determines to whom he shall deliver it. (Probate Act, chap. 11, sec. 258; *Curtis* v. *Sutter*, 15 Cal. 259; *Curtis* v. *Herrick*, 14 Id. 117; 8 Id. 580; 1 Texas, 485; 2 Id. 400; 8 Id. 182.)

*Arnold* and *Poland & Rowell*, for Respondent.

Upon death of the ancestor, his real estate vests in the heir; and the only right the administrator or executor has in it, is as

trustee of the heir; and the heir having the legal title may maintain ejectment.    (2 Hilliard Real Prop. 189, and note; 16 Mass. 280; 1 Pick. 157; 5 Id. 185; 7 Cal. 215; Adams Eject. 329, and notes.)

*Thos. H. Williams,* also for Respondent.

Real estate vests absolutely in the heir upon the death of his ancestor, and the administrator is merely, under certain circumstances, entitled to its possession, and has only a lien upon it for the benefit of creditors.    The title carries with it the right of possession, which right may, at all times, be asserted against all persons, except in the particular instances pointed out by statute. The administrator or executor only can dispute the right of the heir; a wrong doer cannot.    (*Bufford* v. *Holliman,* 10 Texas, 564–6; *McIntyre* v. *Chappell,* 4 Id. 187; 8 Id. 182; *Evans* v. *Oakley,* 2 Id. 184; 10 Id. 34; 20 Id. 810; 6 Johns. Ch. 132.)

. BALDWIN J. delivered the opinion of the Court—COPE, J. concurring.

The principal question in this case is, whether the heir can maintain ejectment for realty left by the ancestor, a considerable period elapsing after the death, and no administration having been taken on the estate and there being no debts.

We think, independent of other qualification than the fact that no administration exists upon the estate, that the heir may maintain this action.    He has a right of entry, subject only to the claim of the administrator, when there is one.    This follows from his general title cast by the descent, which is only qualified by the particular statutory right given the administrator.    (See *Beckett* v. *Selover,* 7 Cal. 216; see also *Bufford* v. *Holliman,* 10 Texas, 564, where the subject is fully discussed under a not dissimilar statute of that State.)

It is not necessary to notice other points.

Judgment affirmed. .