## MEEKS v. HAHN et al.

WHERE a party desires to avail himself of the statute, which provides that no action for the recovery of any estate, sold by an Executor or Administrator, shall be maintained by any heir or other person claiming under the deceased testator or intestate, unless it be commenced within three years next after the sale, he must plead it. The objection that the action is barred cannot be taken to the admissibility of evidence, when the statute has not been pleaded.

An action of ejectment for property of which an intestate died seized cannot be maintained, under the statute of this State, by the heirs of the deceased, until the administration of his estate has been settled, or the property has been distributed to the heirs by a decree of the Probate Court.

Under the statute, the right to the possession of the real property of an intestate remains exclusively with the Administrator, until such settlement or distribution.

Meeks *v.* Hahn.

APPEAL from the Twelfth Judicial District.

This is an action of ejectment to recover the possession of a lot situated within the city of San Francisco. Both parties claim title from the same source—from one George Harlan, who died in the county of Santa Clara, in July, 1850. The plaintiff claims under a conveyance from the heirs of Harlan, executed in April, 1854. The defendants claim under conveyances executed by one Aspinwall, who is alleged to have been at the time Administrator of the estate of Harlan, deceased, to purchasers at a sale under an order of the Probate Court, made in November, 1855. The sale made under the order was regularly reported to the Probate Court, and was in due form confirmed, and said Aspinwall, as Administrator, was ordered to execute the conveyances to the purchasers. No order or decree was ever made by the Probate Court directing a distribution of the estate to the heirs of Harlan. Nor did it appear that the administration of the estate had been closed at the time the present action was commenced, which was on the thirty-first day of May, 1859. The complaint was in the usual form of complaints in actions of ejectment. The defendants answered separately, denying the allegations of the complaint generally and setting up title to portions of the premises in controversy, either in themselves or in parties under whom they hold, and disclaiming as to the balance. When the plaintiff offered in evidence the record of certain proceedings in the Probate Court, the defendants objected to their introduction, on the ground that more than three years had elapsed after the Probate sale before the commencement of the action. The objection was overruled and the defendants excepted. All other facts are stated in the report of the case of *Haynes* v. *Meeks* (*ante* 288). The defendant had judgment, and the plaintiff appeals.

*D. O. Shattuck & Selden S. Wright,* for Respondents.

I. The action is barred by section one hundred and ninety of the "Act to Regulate the Settlement of the Estates of Deceased Persons." That section is as follows: "No action for the recovery of any estate, sold by an Executor or Administrator, under the pro-

visions of this chapter (the chapter which provides for the sale of property by Executors and Administrators) shall be maintained by any heir or other person claiming under the deceased testator or intestate, unless it be commenced within three years next after the sale."

II.    The action cannot be maintained by the heirs of Harlan, or any parties claiming under the heirs, until the administration of the estate is closed, or the property is delivered over to the heirs by a decree of the Probate Court.    (See Act, Secs. 114, 194, 195, 253, 254, 258 and 259.    *Curtis* v. *Sutter*, 15 Cal. 259; *Soto* v. *Kroder*, 19 Cal. 87.)

*A. P. Crittenden* and *Tod Robinson*, for Appellant.

I.    The objection that the action is barred by the statute is untenable, for the reason that the statute was not pleaded.

The objection was only urged to the admissibility of certain records of the Probate Court.    There was no more difficulty in pleading this statute than any other statute of limitations.    The defendants knew their own title, and if their case was within this statute, they could have averred that they had purchased at the Administrator's sale more than three years before suit brought, and had ever since been in possession.    They knew also the title upon which the plaintiff relied.    Besides, this statute must be construed in connection with the general statute of limitations.    Not only must three years have elapsed after the sale, but the purchaser must have been in possession during those three years.    Otherwise the statute is absurd and unconstitutional, inasmuch as it would deprive a person of any remedy; as in this case, where the plaintiff was in possession himself at the time of the sale, and for a long time afterwards, and was ejected by the defendants within much less than three years before commencing his action.

II.    The objection that the action will not lie until the administration of the estate is closed, or the property is distributed by decree of the Probate Court, is untenable.

Subject to the payment of Harlan's debts, the land descended to his heirs.    The right of possession goes with the title.    It vests in the heirs.    It is subject, however, to the right of the Administrator

to receive the rents and profits, and hold the possession when necessary for purposes of administration. The right of possession of the heirs is thus subjected, when necessary, to an actual possession by the Administrator.

Either the heir, or the Administrator, may sue a stranger, or third party, for the possession. When the heir sues, he establishes his right by proving title in his ancestor, and the descent to himself; and it will not lie in the mouth of the defendant to say that there may be a right in the Administrator to a temporary possession. That outstanding right gives no title to the defendant, and constitutes no defense for him. It is a question merely between the heir and Administrator. When recovered, the possession of the heir would be that of the Administrator, for purposes of administration.

It is true, the Administrator may sue for the possession. But it does not follow that the heir cannot. They may both recover according to their respective interests. And in this respect the purchaser from the heirs stands in their shoes. (*Hubbard* v. *Ricart*, 3 Vt. 207; *Abbott* v. *Pratt*, 16 Vt. 626; *Buck* v. *Squiers*, 22 Vt. 484; *Carruthers* v. *Bailey*, 3 Kelly (Ga.) 105; *Masterson* v. *Girard's Heirs*, 10 Ala. 60.)

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

This is an action of ejectment for the possession of certain premises situated within the city of San Francisco. It arises out of the same state of facts as the case of *Haynes* v. *Meeks*, recently decided by this Court, (*ante*, 288). It differs from the latter case only in this: that here the plaintiff claims under the conveyance from the heirs of Harlan, deceased, and the defendants claim under purchasers at the sale made under the order of the Probate Court by Aspinwall, the alleged administrator of the estate; whereas, in *Haynes* v. *Meeks*, the plaintiff claimed under the sale and conveyance of the administrator, and the defendants under a conveyance from the heirs.

In *Haynes* v. *Meeks* we held that the petition for the sale of the real estate described therein was fatally defective in its averments;

that it did not comply with the provisions of the statute in several essential particulars, and that in consequence, the Probate Court never acquired jurisdiction to order the sale in question. The sale by the administrator, and the conveyance which followed, were therefore void.

The respondents however insist in addition to the objections urged in the former case: first, that the action is barred by the statute, which reads as follows: "No action for the recovery of any estate, sold by an executor or administrator, under the provisions of this chapter, (the chapter which provides for the sale of property by executors and administrators) shall be maintained by any heir or other person claiming under the deceased testator or intestate, unless it be commenced within three years next after the sale," (Act to Regulate the Settlement of the Estates of Deceased Persons, of May 1, 1851, section 190); and second, that the action cannot be maintained by the heirs, or any person claiming under them, until the administration is closed, or the estate is delivered over to them under the decree of the Court.

Before proceeding to consider these objections, it may be well to notice the position taken by the learned counsel for the respondents, and which was also urged in the case of *Haynes* v. *Meeks*, that the jurisdiction of the Probate Court to order a sale of the real property of an intestate is not derived from the petition showing the necessity of the sale to meet the liabilities against the estate. Their argument in support of this position is as follows: At common law, the real estate was not assets in the hands of the administrator, nor subjected to the jurisdiction of the Surrogate or Probate Court. It passed immediately to the heir, and the administrator had no more to do with it than if the heir had acquired it by purchase from a stranger, and not by descent. In process of time it was provided, by statute, that in case of a deficiency of assets to pay the debts of a decedent, the administrator or creditor might convert the heir's inheritance into assets, upon presenting his petition for that purpose showing the deficiency. To do this, the Court was called upon to exercise an extraordinary jurisdiction—one extending over a new subject, and bringing new parties before it. In the exercise of this extraordinary jurisdiction the principle of *strictissimi juris* was

Meeks *v.* Hahn.

applied to the proceedings. The Court could only acquire jurisdiction of the subject matter by the petition alleging the insufficiency of the assets in the hands of the administrator to meet the liabilities of the estate, and jurisdiction of the person by process to the heirs based upon the petition. And hence the doctrine arose that jurisdiction, so far as the subject matter was concerned—that is, the sale of the real estate—came from the petition and proof of the facts it set forth. But this doctrine is not applicable to the sales of real estate under the decrees of the Probate Court of this State. Here, the administrator takes charge of the entire estate, both real and personal. Here, the Probate Court has jurisdiction over the realty as well as over the personalty. It acquires jurisdiction over both at the same time, and for the same purposes. The administrator places both in his inventory, and holds both subject, first to the payment of debts, and secondly for purposes of distribution. The entire property, being in the hands of the administrator, is subject to the control of the Court in the exercise of its ordinary jurisdiction. For its sale, no extraordinary jurisdiction is invoked. The jurisdiction for administering the whole estate attaches upon the death of the intestate resident in the county; the petition of the administrator for letters showing these facts calls into exercise this jurisdiction; and when the inventory discloses the property, it is in Court to be administered. Having jurisdiction in this way over the whole estate, both real and personal, its orders disposing of the same are not the subjects of collateral attack. They must be impeached and corrected, if at all, by appeal or direct proceedings.

Such is the argument of the learned counsel. In it too much importance is placed upon the fact that by our statute the administrator takes possession of the realty as well as the personalty. No authority to sell follows such possession. The same, or similar proceedings must be pursued before a sale of the realty, or any portion of it, can be had, as are required in other States where only the personalty goes into the hands of the administrator. A petition must be presented showing a deficiency of the personal property to meet the liabilities of the estate; and also the necessity of the sale of the real property, or some portion thereof, for that purpose, by an exhibition of its condition and value. It is only when the insuffi-

ciency of the personalty and the necessity of the sale both appear, that the Court has any authority to act—that is, has any jurisdiction over the subject matter—the sale of the realty. The Probate Court is a Court of special and limited jurisdiction so far, at least, as the sale of the real property of a decedent is concerned. It possesses no general power to order a sale of such property whenever it may think proper, but only a limited power to be exercised upon the occurrence of certain specified facts. If those facts do not exist, or at least, are not presented to the Court as existing, the power does not arise, and any action taken must necessarily be void. In determining, therefore, what is essential to authorize the Court to order a sale of such property, it is immaterial whether the administrator, upon claiming letters, takes possession of such property, or whether it descends to the heir without any interference on his part. The question in either case must be : Does the petition disclose such a state of facts as to authorize the Court, upon their proof, to order the sale.

We proceed to the consideration of the special objections urged to a recovery in the present case, namely, the bar of the statute, and the fact that the administration is not closed, nor the estate delivered over to the heirs under order of the Probate Court.

1. To the objection of the bar of the statute the answer is conclusive. The statute was not pleaded. If it had appeared upon the face of the complaint that the limitation prescribed had elapsed since the plaintiff possessed the right of action, and no facts were stated taking the case from the operation of the statute, the objection might have been interposed by demurrer. But as nothing of this kind appeared upon the face of the complaint, the objection should have been raised by the answer. Not having been thus raised, it is, for the purposes of the action, to be regarded as abandoned. Such is the rule where the action is upon a demand arising upon contract, and in our system of practice the same rule must apply where the action is to enforce a right to the possession of real property. (*Smith* v. *Richmond*, 19 Cal. 476.) In the present case there is little doubt that the defendants were as well aware of the title upon which the plaintiff relied, as they were of the character of their own title. But if it were otherwise, and they were surprised

by the evidence produced as to the title of the plaintiff, they should at least have asked the Court to allow an amendment to their answer. This they did not do, and the objection at the time and in the form it was urged—to the admissibility of certain evidence—was not the proper subject of consideration.

2. The second objection, however, to the action, we think well taken. By the express terms of the statute for the settlement of the estates of deceased persons, the administrator has the right to the possession of the real and personal property of the intestate, and to receive the rents and profits of the real property until the estate is settled or delivered over to the heirs by order of the Probate Court. (Sec. 114.) He is besides required to take possession of all the estate, real and personal, and is authorized to maintain actions for such possession in all cases where his intestate might have maintained such actions. (Secs. 194 and 195.) And though by the statute concerning descents and distributions it is also provided that the estate of an intestate shall descend to the heirs, subject to the payment of his debts, yet this provision must be read in connection with the clauses of the other statute, to which we have referred, which place the right of present possession in the administrator. The true rule on this subject is expressed in *Beckett* v. *Selover* (7 Cal. 238): "That both the real and personal estate of the intestate vest in the heir, subject to the lien of the administrator for the payment of debts and the expenses of administration, and with the right in the administrator of present possession." This right of possession exists until the estate is settled, or delivered over to the heirs by order of the Probate Court. (Sec. 114.) When either of these events happens, the possessory right of the administrator under the statute terminates. In many instances the share of the estate, to which an heir is entitled, may be delivered over to him months in advance of the settlement of the estate. The statute authorizes the Court to direct such delivery at any time after the lapse of four months from the issuance of letters of administration, upon proper application of the heir, and notice to the administrator and all persons interested, if it appear that the estate is but little indebted, and that the share may be allowed without injury to the creditors; provided a bond in a sum to be designated by the Judge,

and with sureties to be approved by him, be executed by the heir, conditioned for the payment of his proportion of the debts of the estate. (Sec. 253.) The decree of the Court may direct the administrator to deliver to the heir the whole portion to which he is entitled, or only a part thereof. (Sec. 254.) Upon the final settlement of the accounts of the administrator, or subsequently upon his application, or the application of any heir, the Court is required to distribute the residue of the estate, if any there be, among the persons who are entitled to the same. (Sec. 258.) And the distributees have then the right to demand and recover their respective shares from the administrator, or any person having the same in possession. (Sec. 259.) From all these provisions taken together, we think the conclusion follows—that under our statute the right to the possession of the real property of an intestate remains exclusively with the administrator until the estate is settled, or distribution is directed by order of the Probate Court. Until then, neither the heirs nor their grantees can maintain ejectment for any portion of such property.

Judgment affirmed.