## JOSEPH KILE AND REESE B. THOMPSON *v.* SILAS TUBBS.

EJECTMENT.—To entitle a plaintiff in ejectment to recover possession of the demanded premises, he must not only have a right of entry at the time of trial, but must have had it also when the suit was brought. If he did not have a right of entry when the suit was commenced, but has acquired it *pendente lite*, he cannot recover.

NEW TRIAL.—If the verdict is against the weight of evidence, but there is still some evidence to justify it, a new trial will not be granted on the ground that the evidence is insufficient to justify the verdict.

LAW OF CASE.—A question made and passed on by the appellate Court in a particular case, becomes the law of that case in all its stages.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The plaintiffs' patent was issued in June, 1862, by the

State, after a full compliance by them with the Acts of the Legislature regulating the sale of swamp and overflowed lands. The action was commenced in August, 1862. The defendant went on the land in January, 1862, and claimed the right of possession as a pre-emptor under the laws of the United States, as being public land of the United States, subject to settlement and to entry for the purposes of pre-emption. The land had not been surveyed by the General Government at the date of the defendant's entry, and was not surveyed until 1864, in which year the township embracing the premises was surveyed, and a plat thereof, approved by the United States Surveyor-General for California, was duly filed in the local Land Office, at Stockton. This approved plat remained on file in the local Land Office for *about one year*, when it was withdrawn by order of the Surveyor-General, and had not been returned at the time of the trial below, which took place in April, 1866. The plat, so approved and filed, determined and indicated the quarter section in controversy to be swamp and overflowed land. Within sixty days after the plat was filed in the Register's office the defendant applied to that officer to make a declaration of intention to pre-empt, but was refused for the reason that the Government survey and the said plat showed that the land was swamp and overflowed. There was no evidence of the filing of such declaration since this application. Judgment was rendered in favor of the defendant in the Court below, and the plaintiffs appealed from the judgment and from an order denying a new trial.

The Court below directed the jury to find for the defendant if they found the land not to be swamp and overflowed, and also found that the defendant had a valid pre-emption right to the land.

The other facts are stated in the opinion of the Court.

*John B. Hall,* for Appellants.

Since this case was on appeal to this Court (23 Cal. 431) at the October term, 1863, the survey of the township has

been made and approved, and the plat filed in the proper office of the Government.

It was incumbent on the defendant, under the pre-emption laws, in order to acquire an incipient right, that he should have filed his declaratory statement *within three months* from the date of the receipt at the local Land Office of the approved plat of the township. (Act of March 3d, 1853, Sec. 6 ; Act of May 30th, 1862, Sec. 7.)

Although the defendant's possession *began in trespass* upon land forbidden to the settler because then unsurveyed, yet the prior adjudication recognizes the acquisition of a right as to a *bona fide* settler. Yielding to the law of the case as then declared by the Court, it is respectfully insisted that the respondent does not *now* stand so well in Court. He has not complied with the statutory condition which is indispensably essential to a continuation of his right ; he has not effected a filing of the required declaration, and the right falls for want of this support.

The settler's incipient right, say the Federal Supreme Court, (*Lytle* v. *The State of Arkansas, et als.*, 9 Howard,) is " subject to be defeated by a failure to perform the conditions annexed to it."

The officers of the department charged with the administration of the public land, have taken the same view, and have practically enforced it from the earliest period of the pre-emption system. (See Instruction of Commissioner Blake, of September 28th, 1842, and May 8th, 1843 ; Lester's Compilation, Nos. 410, 411, pp. 369, 370 ; Commissioner Hendrick's Instructions to Register at San Francisco, of December 8th, 1857.)

The settlement of the defendant was a privilege, burdened with the duty of the party admitted to its enjoyment of making or causing to be made the record thereof, and in default that his relation to the Government and to the premises shall become extinct.

We anticipate the reply to the foregoing proposition. It will be found in the doctrine, as it will be said, announced in

the case itself when first passed upon by the Court, at pages. 442 and 443 of 23 Cal., and also in what was said by the same tribunal in *Robinson* v. *Forrest*, 29 Cal. 320.

With respect to the latter case, it needs only to be said that for aught that appears the defendant had complied with the condition in question ; for his rejected offer embraced proof of performance of all the requirements of such laws down to the then present time, and the record presented the fact of the filing of the approved plat in 1864.   (29 Cal. 319.)

Before the Government survey was filed, it cannot be questioned, that the defendant was powerless to make the statutory record, for until that event the officer was equally powerless to act; hence the Court said, " he has done all in his power, and has lost no rights acquired under these laws." But the Register's refusal to accept his single application, soon after the plat was returned, without anything further being done by the applicant from that time until the trial below—a period but little short of two years—cannot be deemed a sufficient measure of diligence under the most liberal rule obtaining in matters of this or analogous character.

The act of the Government evidencing its approval of the State's claim remained in the local office for nearly a year after the rejection of defendant's offer, without a renewal of the application or an appeal from the Register's decision, or other steps taken to procure admission to the asserted right of *filing* on the land.   The right of formal appeal to the Commissioner, or the privilege of presentation of his claim by communication to the department without the intervention of the local officers, were certainly open to him ; and in addition to these, a remedy, perhaps, through the Court, might have availed him.   At all events, a resort to either or all of these modes of procedure would have afforded proof of *good faith* in the assertion of his claim, and for his failure in this regard the Government, as we have seen, adjudges that his claim lacks that indispensable element, and declares it null and void. (Opinion of Attorney-General Speed—" Suscol Rancho," May 26th, 1866.)

And in this connection it should be observed that the withdrawal of the plat did not trammel the claimant's pursuit of the supposed right, nor, if it has, does it appear that such withdrawal was by the procurement or agency of the State or its vendees, the plaintiffs.

Therefore, as between the Government and the defendant, the relation created by the settler's occupation of and residence upon the land has been dissolved, and can only be revived *ex gratia,* and not *de jure.* As between the State, or the appellants, its successors in interest, and the defendant, the principle should apply with increased force, the State standing in the position of a party claiming title also from the common source, and chargeable with no color of bad faith, or *laches.*

*J. H. Budd,* for Respondent.

A *bona fide* settler on unsurveyed public lands of the United States, under the pre-emption laws, and who has complied with such laws so far as in his power, and is qualified as a pre-emptor, has a right in an action of ejectment to show by proof that the lands so settled on are not swamp and overflowed, even against one claiming the same as swamp and overflowed under a patent from the State of California. (*Kile et al.* v. *Tubbs,* 23 Cal. 442; *Kile et al.* v. *Tubbs,* 29 Cal. 402; *Robinson* v. *Forrest,* 29 Cal. 317.) The Supreme Court has so decided on previous appeals in this action, and such is now the law of the case. (*Clay* v. *Hoagland,* 6 Cal. 687; *Cahoon* v. *Levy,* 10 Cal. 216; *Davidson* v. *Dallas,* 16 Cal. 82.) The misconduct or neglect of a public officer does not deprive a *bona fide* pre-emptor of his rights. (*Lytle* v. *The State of Arkansas,* 9 How. 314; *Allison* v. *Hunter,* 9 Missouri, 741; Lester's Land Laws, 415, No. 471.) In the case in Lester, the refusal on the part of the Register was in 1855, and the decision of the Secretary of the Interior in 1859, four years after.

In ejectment plaintiff must have the legal title and right of possession at the time of the commencement of the action.

(1 Chit. Pl. 191 ; 2 East, 257 ; 17 East, 210 ; *Yount* v. *Howell*, 14 Cal. 468 ; *Garner* v. *Marshall*, 9 Cal. 270 ; 11 Gill. & J. 351 ; *McCulloch* v. *Cowher*, 5 Watts & Serg. 427 ; *Alden* v. *Grove*, 18 Penn. 377 ; 3 McLean, 202 ; 6 Monroe, 259.)

If the land in contest were not swamp and overflowed lands at the time of the passage of the Act of Congress of September 28th, 1850, then the United States did not by that Act grant the land to the State of California, and the State derived no title to the land from that Act, and could not convey any. If the State has derived any title to the land by Acts of Congress passed since the commencement of this action, such title cannot be available for plaintiffs in this action.    (See cases above cited.)

If the defendant at the time of the commencement of this action had a right as a pre-emptor to the possession of the lands in contest, adverse to the plaintiffs claiming the same under their patent from the State, then plaintiffs could not at the same time have a right to the possession of the same, under their patent, as against defendant, and a right of possession subsequently lost by defendant or acquired by plaintiffs cannot, at least under the pleadings, be made available for plaintiffs in this action.    (See cases above cited.)

In case plaintiffs have acquired or shall acquire, since the commencement of this action, a legal title and right of possession to the land in contest, such title and right of possession may be made available for them in another action, but not in this, in which defendant has expended large sums of money in the *bona fide* defense of his rights existing at the commencement of this action.    It would be manifest injustice to condemn defendant to pay costs to his ruin, by reason of any acts of Government or its officials since the commencement of this action.    A judgment in the action of ejectment, so far as it affects the land, determines only the plaintiffs' right to the possession of the land at the time of the commencement of the action.    (*Yount* v. *Howell*, 14 Cal. 468 ; *Garner* v. *Marshall*, 9 Cal. 270.)

43

By the Court, SHAFTER, J.:

Ejectment for one hundred and sixty acres of land, it being the southwest quarter of section eleven in a certain township in the County of San Joaquin.

The plaintiffs claimed the premises under a State patent issued to them in June, 1862. The lands are described in the patent as " swamp and overflowed." The defendant claimed the same lands under the pre-emption laws of the United States, and on the ground of privity with that paramount source of title he was allowed to put in evidence for the purpose of showing that the lands included in the patent were not swamp and overflowed on the 28th of September, 1850, the date at which lands of that character belonging to the republic were granted by Act of Congress to the States in which they were situated.

First—It is admitted by appellants that the relations of the defendant to the land, and through it to the United States, were such at the commencement of the action as to entitle him to show that the lands were not swamp and overflowed, and to claim that the patent was null and void on that ground as to the State and as to him. That point indeed was directly passed upon in this action on a former appeal, and the decision now constitutes the law of the case. (*Kile* v. *Tubbs*, 23 Cal. 431.) But appellants insist that the relation of the defendant to the land and to the Government has undergone a change *pendente lite*, so that the defendant has lost the *status* (*Doll* v. *Meador*, 16 Cal. 295) by virtue of which alone he was allowed at the former trial to attack the patent.

It is unnecessary to consider the special facts on the ground of which the plaintiffs claim that the defendant, though confessedly in privity with the Government at the commencement of the action, and therefore authorized at that time to allege and prove a better title from the common and paramount source than that manifested by the plaintiffs, is disabled from doing the same thing now. The point may be met and disposed of in a more general, but not less direct way. The

alleged disability does not come of any judicial order or stipulation in the action, nor is it referable to any description of conventional arrangement between the parties. They have held each other at arm's length from the beginning. It is enough to say that if the plaintiffs had no right of entry as against the defendant when the action was commenced, they cannot by possibility have since acquired the right to bring it then. In other words, if the plaintiffs could not have turned the defendant out at the date of the suit, it is not within the bounds of legal possibility that they can have the right to do it now—in this action. To a recovery in ejectment the plaintiff must not only have a right of entry at the trial, but must have had it when the suit was brought.

Second—It is claimed that the evidence is insufficient to justify the verdict.

The only specification under this head, necessary to be considered, is that there was no proof that the land was swamp and overflowed. We have examined the testimony attentively, and in the light thrown upon it by the critical analysis to which the counsel of both parties have subjected it. While we think the verdict against the weight of evidence, still when tested by the settled doctrines of this Court, the case is not one that would justify an assertion of our own views in opposition to the verdict of the jury and the ruling of the Court before which the cause was tried.

Judgment affirmed.

Mr. Justice RHODES did not express any opinion.