[No. 2,747.]

## A. B. CHAPMAN v. D. A. HOLLISTER AND ALBERT O. WALLACE.

VACANCY IN ADMINISTRATION—GRANTEE OF DEVISEE NOT ENTITLED TO POSSESSION.—Where a widow, who was both devisee and executrix, married, and she and her husband then deeded the land devised; *held*, that though the marriage may have operated as a revocation of the letters testamentary, yet there was an unclosed administration, and the grantee was not entitled to possession.

HEIR OR DEVISEE CANNOT MAINTAIN EJECTMENT WHILE ADMINISTRATION UNCLOSED.—If letters be regularly granted, and the Probate Court acquire jurisdiction over an estate, though a vacancy occurs in the office of executor or administrator, the heir or devisee cannot maintain ejectment during such vacancy as long as the administration remains unclosed.

APPEAL from the District Court of the Seventeenth Judicial District, County of San Diego.

This was an action of ejectment for a lot known as the Pear Garden of Lorenzo Soto, in the old City of San Diego. Defendant Hollister disclaimed any interest. Defendant Wallace filed a general denial, and set up the Statute of Limitations. There was a judgment for defendant Wallace; and a motion for new trial having been overruled, plaintiff appealed.

*Glassell, Chapman & Smith*, for Appellant.

*I. Hartman*, for Respondents.

By the Court, CROCKETT, J.:

The first point for consideration is, whether the plaintiff is entitled to the possession of the demanded premises on his own theory of the facts. Both parties claim through the will of Lorenzo Soto, deceased, which was duly probated, and of which the widow of Soto was appointed and duly qualified as executrix. Whilst acting as executrix, the widow contracted a second marriage, and subsequently, by the joint deed of herself and husband, conveyed said premises to the plaintiff, who insists that the property was devised to the widow by Soto's will, and that her authority as executrix having ceased when she contracted a second marriage, the administration of the estate became vacant, and, so far as the evidence shows, yet remains so. Assuming these to be the facts, he insists that he is entitled to possession, there being no executor or administrator of the estate. If it be conceded that, if there be no existing administration upon an estate, the heir or devisee can maintain ejectment for the real estate; and if it be further admitted that the marriage of the executrix operated, *ipso facto*, as a revocation of her letters, without any action of the Probate Court declaring the revocation, it by no means follows that the heir or devisee is entitled to the possession, whilst there is a pending and unclosed administration temporarily vacant. On the death of the ancestor his title to real estate passes to the heir or devisee, subject, however, to the right of possession of the executor or administrator for the payment of debts. (Probate Act, Secs. 114, 194; *Becket* v. *Selover*, 7 Cal. 215; *Meeks* v. *Hahn*, 20 Cal. 627; *Matter of Estate of Woodworth*, 31 Cal. 604.) And, when there is no administration upon the estate, the heir or devisee may maintain ejectment for the real estate of the

testator or intestate. (*Updegraff* v. *Trask*, 18 Cal. 458.) But if the Probate Court has regularly granted letters testamentary or of administration, and has acquired jurisdiction over the administration of the estate, and if a temporary vacancy occurs in the office of executor or administrator pending the administration, and whilst it is yet unclosed, the heir or devisee cannot maintain ejectment during the vacancy. It would lead to great perplexity in the settlement of estates, if, during a temporary vacancy in the administration, the heir or devisee should be held to be entitled to the possession of the estate, and to receive the rents and issues. On the appointment of a new executor or administrator he would be entitled to the possession and to all the rents and profits which had accrued during the vacancy, his right in this respect taking effect by relation as of the date when the vacancy occurred. A different ruling on this point would only tend to promote litigation and embarrass the administration of estates, without increasing the security of creditors and heirs. The Probate Court has ample power to protect the estate during the vacancy in the administration, by the appointment of a special administrator, whose proceedings would be subject to its control and supervision. But to permit the heirs and devisees, or their grantees, to intervene and take possession of the estate during a temporary vacancy in a pending administration of an unsettled estate, would tend only to unnecessary confusion, delay, and embarrassment in the administration.

This view of the case renders it unnecessary to notice the other points discussed in the briefs.

Judgment affirmed.

Mr. Chief Justice RHODES dissented.

Mr. Justice SPRAGUE did not participate in the foregoing decision.