WILLIAM NEWTON MEEKS, Appellant, v. EDWARD C. KIRBY, Respondent.

No. 2711; January 27, 1872.

**Administrator's Sale.**—The Statutory Bar Against an Action by an Heir, or other person claiming under a testator or intestate, to recover real estate sold by an executor or administrator more than three years before, applies to sales void for want of jurisdiction, as distinguished from sales voidable merely for some defect of procedure.

**Administrator's Sale—Bar of Action by Heir.**—The Statutory Exception of "Minors or others under legal disability to sue" from the operation of the bar against an action by an heir, or other person claiming under a testator or intestate, to recover real estate sold by an executor or administrator more than three years before, has reference to a disability personal to the party, and not to the mere condition of his title.

APPEAL from Fifteenth Judicial District, San Francisco County.

W. H. Patterson for appellant; Campbell, Fox & Campbell for respondent.

See Meeks v. Kirby, 47 Cal. 168.

CROCKETT, J.—Harlan died seised of the premises in controversy—this was in 1850. In 1856 Aspinall, as administrator of his estate, made a sale of the premises to the defendants and their grantors—this sale was void. It was so determined here in Haynes v. Meeks, 20 Cal. 288, and in Meeks v. Hahn, 20 Cal. 620, in each of which cases the validity of the sale made by Aspinall was brought in question. But the defendants and their grantors occupying the premises at the time they purchased at this void sale afterward remained in possession adversely and continuously until the commencement of this action in 1868—a period of some twelve years; and among other defenses they rely upon the provisions of section 190 of the Probate Act in bar of the action. The language of that section is as follows: "No action for the recovery of any real estate sold by an executor or administrator under the provisions of this chapter shall be maintained by any heir or other person claiming under the deceased testator or intestate, unless it be commenced within three years next after the sale."

That the provisions of this section apply to sales absolutely void for want of jurisdiction, as contradistinguished from sales voidable merely for some defect in procedure, was determined by this court in Harlan v. Peck, 33 Cal. 515, 91 Am. Dec. 653, and reaffirmed here in Harlan v. Miller (January Term, 1868, not reported), and the reasoning of Sanderson, J., in the opinion he delivered in the former case is, we think, unanswerable.

It is argued, however, that the plaintiff's case is saved from the bar of section 190 by the effect of the immediately succeeding section 191, which reads as follows: "The preceding section shall not apply to minors or others under any legal disability to sue at the time when the right of action shall first accrue; but all such persons may commence such action

at any time within three years after the removal of the disability.''

It is said that Meeks, the plaintiff, was under disability to sue because by section 114 of the Probate Act, and the construction first given it by this court in Meeks v. Hahn (supra), and since then steadily adhered to, the administrator of the estate of Harlan was alone authorized to bring an action to recover the premises, and, of course, neither the heirs at law of Harlan, nor Meeks, their grantee, could have maintained the action pending the administration in the probate court. It does not follow, however, that because Meeks' title, such as it was, would not, in point of law, have supported an action to recover the possession of the premises, he is thereby himself become a person ''under legal disability to sue,'' and whose right of action is therefore saved to him by section 191 of the Probate Act. It cannot be said that a party is under legal disability to sue, within the intent of the statute, merely because his alleged cause of action is not invincible, or because his adversary might be possessed of a defense which, if properly interposed, would defeat the action—such, for instance, as the fact here, that the administration of the estate is still pending.

I think that the disability here meant is something personal to the party, and has no reference to the mere condition of his title. The statute is one of repose—it commences to run upon the making of the sale; it was designed, in a measure, to protect and assure; it, in terms, saves the rights of ''minors,'' because they, not being sui juris, are deemed personally incapable of the present assertion of such rights as they may have, and when it, immediately thereafter, mentions ''others under any legal disability to sue,'' I am of opinion that it refers to those only who, having some immediate right of action, are, nevertheless, like ''minors'' already mentioned, deemed to be, from some cause, laboring under a present personal incapacity to assert it. The cause of action is not, however, itself affected by the supposed disability, nor is the right to sue suspended thereby, for the right of action remains perfect, and the action may be brought while the disability yet attaches. Thus one within the age of majority, and therefore laboring under disability, may, nevertheless,

bring an action at once, though, by reason of his nonage, he be not obliged to do so, in order to avoid the bar.

The plaintiff here has held the title which he now asserts ever since April, 1854; during the intervening time he has not been a minor, nor has he labored under any other legal disability to sue. The case is, therefore, clearly within the bar of the statute relied upon by the defendants. The result reached upon this point renders the consideration of the other grounds of defense unnecessary.

Judgment affirmed.

I concur: Niles, J.

I dissent: Sprague, C. J.

Rhodes, J., being disqualified, did not sit in this case.

CROCKETT, J.—I agree with Mr. Justice Wallace in the opinion that the disability referred to in section 191 of the Probate Act is a personal disability, such as coverture, infancy, and the like, and not a mere inability to maintain an action because of some quality or infirmity of the title which the party holds, whereby he is precluded from maintaining an action for the possession of the property. It has repeatedly been decided by this court that the executor or administrator of an estate is entitled, under the statute of this state, to the exclusive possession of real property belonging to the estate pending the administration, and that he alone can maintain an action to recover the possession of such property, which has been wrongfully withheld. The heir or devisee could not, therefore, maintain the action, so long as there was an executor or administrator, who, in law, had a better, and an exclusive, right to the possession. The title which Harlan's heirs took by descent from their ancestor did not, in law, entitle them to maintain an action for the possession, pending the administration of the estate. In other words, the estate which they inherited was of such a nature as not to entitle them to the possession of the property pending the administration. When the plaintiff acquired the title of the heirs, he took it subject to the same conditions. His inability to maintain an action resulted from the nature and quality of his title, and not from any personal disability to sue, and

it is only to this latter class of disabilities that section 191 of the Probate Act refers. It would be a misapplication of terms to say that a person is under a disability to sue, if the only obstacle in the way of his maintaining the action proceeds from the condition or nature of his title. Great injustice and hardship may, and often do, result from the inability of the heir or devisee to maintain an action to recover the possession from a wrongdoer, pending the administration of the estate. But if the statute regulating the relative rights of the executor or administrator and the heir or devisee, as to the possession of the property, have been correctly interpreted by the courts, it is quite evident that more legislation is needed for the protection of the heir or devisee against the laches of an executor or administrator, whose duty it is to institute actions within the proper time to recover property wrongfully withheld from the estate.

I concur both in the reasoning of Mr. Justice Wallace and in the result at which he has arrived.