168                    MEEKS *v.* KIRBY.                [Sup. Ct.

[No. 2.711.]

WILLIAM N. MEEKS *v.* EDWARD C. KIRBY ET AL.

EJECTMENT BY HEIR, PENDING ADMINISTRATION.—The right to the possession of the real property of an estate remains exclusively with the administrator until the estate is settled, or distribution is directed by order of the Probate Court, and until then neither the heirs nor their grantees can maintain ejectment for any portion of such property.

IDEM.—The fact that the Probate Court has distributed the property after the commencement of a suit in ejectment, and that the plaintiff is the distributee, does not entitle him to recover.

EJECTMENT— RIGHT OF ENTRY.—In ejectment, the plaintiff must have a right of entry when the action is commenced as well as when it is tried.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco. The action was ejectment. The plaintiff appealed. The facts are stated in the opinion.

*W. H. Patterson,* for Appellant.

The decree of distribution related back to the time of filing the complaint. (*Jackson* v. *Pamsay,* 3 Cowen, 75.)

*Campbell, Fox & Campbell,* for Respondents.

The plaintiff relies on *Jackson* v. *Ramsay,* 3 Cowen. The principal question there was whether a Sheriff's deed, executed after issue joined in the cause, the sale having been made before the commencement of the suit, can be given in evidence under the general issue, or should be pleaded *puis darrien continuance.* The Court held that the deed related back to the sale, and need not be so pleaded. The point of pleading is decided otherwise in this State, and the doctrine of relation, as there decided, is, in our opinion, not law in California.

The point here is not at what time plaintiff's title accrued, but at what time his right to possession began. *Meeks* v. *Hahn* says that right of possession remains exclusively with the administrator, until settlement of the estate or distribution. (*McMinn* v. *O'Connor*, 27 Cal. 247; *Moss* v. *Spear*, 30 Cal. 427; *Bagley* v. *Ward*, 37 Cal. 139.)

By the Court, Belcher, J.:

The plaintiff was nonsuited at the conclusion of his opening statement, and the correctness of that order is the only question presented upon this appeal. It appears that both parties claimed title to the premises in fee—the plaintiff, under a conveyance made in 1854 from the heirs of Harlan, who died seized thereof in 1850; and the defendants under conveyances made in 1856 by the administrator of the estate of Harlan in pursuance of orders made by the Probate Court, and in virtue of an adverse holding for about twelve years. The estate was unsettled at the time of the commencement of the action and at the time of the trial, and was still in the hands of the administrator, but a partial distribution was made by order of the Probate Court in November, 1869, by which the lot in controversy was distributed to the plaintiff as the successor in interest to the heirs of Harlan.

The action was commenced in June, 1868. It arose out of the same state of facts as the case of *Meeks* v. *Hahn*, 20 Cal. 620, and differs from that case only in the fact that there the Statute of Limitations was not pleaded, and there had been, at that time, no partial distribution of the estate. The motion for nonsuit was granted upon the ground—first, that the action was barred by the provisions of Section 190 of the Probate Act; and, second, that administration of the estate was still pending, and that the decree of distribution, distributing the lot in controversy to the plaintiff, did not relate back to the time of filing the complaint in the action.

It was held in *Meeks* v. *Hahn* that, under our statute, the right to the possession of the real property of an estate remains exclusively with the administrator until the estate is settled, or distribution is directed by order of the Probate

Court, and that until then neither the heirs nor their grantees can maintain ejectment for any portion of such property. And the rule then announced has since been steadily adhered to by this Court. (*Chapman* v. *Hollister*, 42 Cal. 463.)

Under this rule, we think the order of the Court below was clearly right. When the plaintiff commenced his action he was not entitled to the possession, and could not, therefore, maintain any action to recover the possession. The order of distribution, made a year and a half afterward, could not avail the plaintiff in this action. In ejectment, the plaintiff must have a right of entry when the action is commenced as well as when it is tried. The law upon this subject is correctly stated in *Kile* v. *Tubbs*, 32 Cal. 332, as follows: "It is enough to say that if the plaintiffs had no right of entry, as against the defendant, when the action was commenced, they cannot by possibility have since acquired the right to bring it then. In other words, if the plaintiffs could not have turned the defendant out at the date of the suit, it is not within the bounds of legal possibility that they can have the right to do it now—in this action. To a recovery in ejectment, the plaintiff must not only have a right of entry at the trial, but must have had it when the suit was brought."

This view is decisive of the case, and renders it unnecessary to consider whether the plaintiff's action was also barred by the one hundred and nineteenth section of the Probate Act.

Wallace, C. J., and Rhodes, J., being disqualified, did not participate in the decision of this case.