[No. 855.]

### JOSEPH B. GOSSAGE ET AL., APPELLANTS, *v.* CROWN POINT GOLD AND SILVER MINING COMPANY, RESPONDENT.

HEIRS—RIGHT TO MAINTAIN EJECTMENT—ESTATES OF DECEASED PERSONS—STATUTES CONSTRUED.—In construing section 116 of the act to regulate the settlement of the estates of deceased persons (1 Comp. L. 596): *Held*, where there are no creditors to be affected, no debts outstanding against the estate, no equity in favor of the administrator, that the heirs of the estate have the right of possession, and may bring an action of ejectment in their own name to recover any property belonging to the estate.

APPEAL from the District Court of the First Judicial District, Storey County.

The facts appear in the opinion.

*John A. McQuaid, H. O. Beatty, and T. W. Healy,* for Appellants.

The heir can bring suit in ejectment before distribution of estate. (Comp. L. Mich., vol. 2, 882; Comp. L., sec. 2904, ed. 1857; *Updegraff* v. *Trask,* 18 Cal. 458; *Beckett* v. *Selover,* 7 Id. 215, 229; *Streeter* v. *Paton,* 7 Mich. 341; *Marvin* v. *Schilling,* 12 Id. 356; *Campau* v. *Campau,* 19 Id. 116; *Masterson* v. *Girard's Heirs,* 10 Ala. (N. S.) 61; *Carruthers* v. *Bailey,* 3 Kelly (Ga. Sup. Ct.) 105; *Hubbard* v. *Ricart,* 3 Vt. 207; *Maltonner* v. *Dimmick,* 4 Barb. 566; *Austin* v. *Bailey,* 37 Vt. 222; *Gibson* v. *Farley,* 16 Mass. 280; *Lynch et al.* v. *Baxter,* 4 Tex. 431; *Easterling* v. *Blythe,* 7 Id. 210; *Lacey* v. *Williams,* 8 Id. 182; *Blair* v. *Cisneros,* 10 Id. 34; *Homutte* v. *Zapp,* 20 Id. 807; *Patton* v. *Gregory,* 21 Id. 513; *Thomas* v. *Greer,* 6 Id. 372; *Bufford* v. *Holliman,* 10 Id. 560; *McIntyre* v. *Chappell,* 4 Id. 187.)

At common law, the land or real estate held in fee by an intestate descended immediately to the heir at law; the administrator had nothing to do with it. (Hill. on Real Property, vol. 2, 189.) For this doctrine generally, see 4 Bac. Abr., Tit. "Heir and Ancestor," Letter "F," p. 616 *et seq.*; 7 Cal. 229, 238–9; 39 Id. 188; Bac. Abr., vol. 9, p. 648.

*Seely & Woodburn,* for Respondent.

I. Under the statute of this State, the right to the possession of real property of an estate remains exclusively with the administrator until the estate is settled or distribution is directed by order of the district court; and until then, neither the heirs nor their grantees can maintain ejectment for any portion of such property. (C. L., sec. 116; *Meeks* v. *Hahn,* 20 Cal. 620; *Meeks* v. *Kirby,* 47 Id. 168; *Chapman* v. *Hollister,* 42 Id. 463.)

II. The administrator is a necessary party to all suits affecting the estate of a deceased person. (*Harwood* v. *Marye,* 8 Cal. 580.)

By the Court, HAWLEY, J.:

The plaintiffs in this action are heirs of the estate of

John Gossage, deceased, and brought this suit to recover fifteen feet, undivided, in the Crown Point mine.

The allegations of the complaint, in so far as they relate to the questions raised by the demurrer, are substantially as follows:

That John Gossage died intestate in Storey county, Nevada, on the eighth day of February, 1862; that on the sixteenth of November, 1864, Cornelius Reiffer, the first administrator of the estate, rendered his final account; that at that time all the debts of said estate had been paid; that there has never been any indebtedness or claim of any kind against said estate· since that time; that at that time N. · W. Winton was appointed administrator of said estate, and immediately after his qualification as such administrator he left the state and has never since returned, and has never at any time exercised any of the functions or performed any of the duties of administrator of said estate; that on the fifteenth of May, 1875, S. H. Robinson was duly appointed administrator of said estate in place of said Winton, and is now the administrator thereof; that said Robinson did at the time of the commencement of this suit decline to commence the same as administrator of said estate, or any suit whatever, to protect the rights of plaintiffs, and did waive, and has ever since, and still does waive, all rights which he might have as such administrator to bring or maintain this suit in favor of these plaintiffs. This complaint is verified by the administrator, S. H. Robinson.

A demurrer was interposed to the complaint upon the grounds "that plaintiffs have not the legal capacity to sue, for that it appears upon the face of their complaint that there was at the date thereof an administrator of the estate of John Gossage, deceased, who is lawfully entitled to the possession of the mining ground sought to be recovered.

"Second—That there is a defect of parties plaintiff herein for that S. H. Robinson, administrator of the estate of John Gossage, deceased, should have been made plaintiff."

The court sustained the demurrer and rendered judgment in favor of the defendant for its costs.

This appeal calls for a construction of section 116 of the act to regulate the settlement of the estates of deceased persons, which reads as follows: "The executor or administrator shall have a right to the possession of all the real, as well as personal, estate of the deceased, and may receive the rents and profits of the real estate until the estate shall be settled, or until delivered over by order of the probate court to the heirs or devisees." (1 Comp. Laws, 596.)

It is claimed by the respondent that under the provisions of this section the right to the possession of real property remains exclusively with the administrator until the estate shall be settled or until delivered over as in said section provided. This view of the case is fully sustained by the decisions of the supreme court of California. (*Meeks* v. *Hahn*, 20 Cal. 620; *Chapman* v. *Hollister*, 42 Id. 463; *Meeks* v. *Kirby*, 47 Id. 168.)

The statute of California is identical with the statute of this state, and for that reason it is argued that the decisions of that state should be followed. It so happens, however, that California is not the only state where the statute is the same.

The statute of Michigan reads "rents, issues, and profits" instead of "rents and profits," and "shall have been settled" instead of "shall be settled." In all other respects the language is identical with the statute of this state. The words changed do not affect the interpretation as to the right of the heirs to the possession of the property.

The supreme court of Michigan, in construing this section of the statute, have decided that the right of the possession is in the heir until the executor or administrator takes possession, or otherwise claims his rights under the statute. (*Streeter* v. *Paton*, 7 Mich. 341; *Marvin* v. *Schilling*, 12 Id. 356; *Champan* v. *Champan*, 19 Id. 116.)

All the decisions in the respective states, where the question is alluded to, concede the proposition that in construing this section of the statute, the entire probate system relative to the settlement of the estates of deceased persons, as well as the statute concerning descents and distribution, must be considered. There can not be any controversy as

to the correctness of this general rule. The rights of the relative parties ought always to be considered, and such an interpretation given as would afford the protection intended to be reached by the legislature.

In *Meeks* v. *Hahn,* the supreme court of California refer to the various sections of the probate act, and of descents and distribution, and from the language of the entire acts come to the conclusion heretofore announced.

In *Chapman* v. *Hollister,* the court add as a reason for following the decision in *Meeks* v. *Hahn,* that if the heir or devisee should be held entitled to the possession, it would lead to great perplexity in the settlement of estates, would tend to promote litigation, and embarrass the administration of estates, without increasing the security of creditors and heirs.

In *Streeter* v. *Paton,* the various sections of the statute of Michigan were considered and elaborately reviewed. It was there held that the object of this particular section of the statute was to prevent injustice to creditors, and to have the rents as well as the proceeds of the sale of the real estate applied to the payment of debts; that the language of the section is not imperative, but gives a right which the administrator or executor may or may not exercise; that it is the duty of the personal representative to take possession of the real estate, when it, or the rents and profits, may be needed in the settlement of the estate; but when this is not the case, although he may do so under the statute, it is not imperative on him; that there is no valid reason why it should be imperative; that the personal estate may be more than ample for all the purposes of administration, and years may be required in settling the estate; that it would be a harsh construction of the statute that would deprive the heir of his inheritance in the mean time. This decision was rendered prior to the adoption of our statute, the California decisions being subsequent, hence the presumption of law is in favor of the construction given by the supreme court of Michigan. (*Williams* v. *Glasgow,* 1 Nev. 533; *McLane* v. *Abrams,* 2 Id. 199; *Ash* v. *Parkinson,* 5 Id. 15; *Hess* v. *Pegg,* 7 Id. 23; *State* v. *Robey,* 8 Id. 312.)

But in deciding the question involved in this case, we propose to give to the decisions of California equal weight and equal consideration, and determine for ourselves which view of the case is best sustained upon reason or sanctioned by the authority of analogous cases.

It is acknowledged by all the authorities, that under the provisions of the statute, the real estate of an intestate vests in the heirs, subject only to the lien of the administrator for the payment of debts and the expenses of the administration. (*Beckett* v. *Selover*, 7 Cal. 238; *Chapman* v. *Hollister*, 42 Id. 463.)

If there is no administration upon the estate, the heirs may maintain ejectment for the real estate of the intestate. (*Updegraff* v. *Trask*, 18 Cal. 458; *Lacy* v. *Williams*, 8 Tex. 187.)

If there is an administrator, it is his duty to take charge of the estate for the purpose of paying the debts, and when the claims against the estate have all been satisfied it is his duty to pass it over to the heir whose absolute property it then becomes. (*Brenham* v. *Storey*, 39 Cal. 186.)

The possession of the property given by the statute to the administrator is for the benefit of the creditors and the heirs. It is given for the purposes of the administration, and ought only to be exercised as the exigencies of the case may require. (*Easterling* v. *Blythe*, 7 Tex. 213; *King* v. *Boyd*, 4 Or. 326; *Humphreys* v. *Taylor*, 5 Id. 260.)

The supreme court of Texas, in *Patten* v. *Gregory*, following their previous decisions in *McIntyre* v. *Chappell*, 4 Tex. 192; *Blair* v. *Cisneros*, 10 Id. 55; and *Bufford* v. *Holliman*, Id. 575, say: " By law the whole of an estate vests in the heirs testate, or *ab intestato*, at the death of a person deceased. It passes from them *sub modo* for the purposes of administration, and the administration is required to be speedy, so that the remainder, if any, may be returned to its real owners, the heirs. The neglect of an administrator for six years would, perhaps, of itself, be sufficient ground for the heirs to sue, and this, in connection with the positive refusal of the administrator to bring the action, we believe to be good ground for an exception to the general rule, and

that the demurrer, for the want of parties, was properly overruled." (21 Tex. 518.)

In Alabama, it has been decided that the heir "is invested with the title, and may exert it with all its incidents until the administrator, by notice to the tenant, or by actual suit, indicates his intention to assert the power reposed in him by the statute;" that "the title and right of the heir is subject to the exercise of the statute power, but where the power is not asserted or exercised by the administrator * * * the heir is entitled to the estate and its incidents, as at common law." (*Masterson* v. *Girard's Heirs*, 10 Ala. 62.)

In Georgia it has been decided "that on the death of the ancestor intestate, the title to his land is cast upon his heirs-at-law, subject to the payment of the debts of the intestate;" that "the heirs have such a title as will enable them to maintain ejectment to recover the possession of the land against a mere wrong-doer;" that "the administrator can maintain the action of ejectment also, to recover the possession of the land, so as to enable him, as the agent of the law, to perform the duties enjoined upon him by the law, and for that purpose only." (*Carruthers* v. *Bailey*, 3 Kelly, 111.)

In Wisconsin, where the section of the statute is substantially the same as the statute of this state, of California, and of Michigan, the supreme court, in considering the question as to the construction that ought to be given to the statute, although the question was not directly at issue, say: "The intent doubtless is to place the whole estate, real and personal, in the possession and under the control of the executor or administrator in proper cases to enable him to pay debts against the estate and legacies. Where there are no such debts or legacies to be paid, there is no valid reason why the executor or administrator should have possession of the real estate. Hence the provision that if the estate is settled, that is, if there are no claims against it, none in its favor, no personal property belonging to it, and the real property which once constituted a portion of it has passed into the

possession of the devisées thereof and those claiming under them, the executor or administrator has no longer any right to the possession of the real estate. To hold that the statute is not applicable to this case because those results were not worked out through the slow and expensive processes of administration, and probate orders and decrees, would be to sacrifice substance to mere form, and to disregard entirely the plain and obvious intention of the statute." (*Flood* v. *Pilgrim*, 32 Wis. 379.)

Taking into consideration the peculiar facts of this case, it is apparent that no rights of the administrator, or of any creditor, would in any manner be embarrassed by allowing the heirs to maintain this action in their own name. They are the real parties in interest. They alone will be benefited or injured, as the case may be, by the result of the suit. There are no creditors to be affected. No costs or debts of any kind outstanding against the estate. Neither is there any existing equity of any character in favor of the administrator. Moreover, if any legal or equitable right existed in his favor, he has waived the same in favor of the heirs. If any objection, therefore, exists against the right of the heir to maintain this suit, it must be found in the plain language, spirit and intent of the statute. There is no other reason that could be advanced why the heirs should be compelled to go through the formula and delay of procuring the appointment of a special administrator. It is not pretended that the defendant would be subjected to any peculiar hardship or injustice if the heirs were allowed to maintain this suit instead of the administrator.

If we were confined solely to the phraseology of section 116, it does in terms give support to the conclusions reached by the supreme court of California. But, on the other hand, if we look, as it is our duty to do, at the general scope, object, and intent of the statute regulating the settlement of the estates of deceased persons as an entirety, it supports the opposite view. In our opinion the substantial reason of the law and the great weight of the decided cases—as well as the presumptions of the law—are clearly in favor

of the right of the plaintiffs to maintain this suit in their own name.

The judgment appealed from is reversed and the cause remanded. The district court will fix a reasonable time within which the defendant will be allowed to appear and file an answer to plaintiff's complaint.

BEATTY, C. J., did not participate in the foregoing decision, being disqualified by consanguinity to a party in interest.