[No. 18189.    Department One.—September 22, 1894.]

104 | 165
121 | 284

WILLIAM GRANT ET AL., RESPONDENTS, v. MAR-
GARET I. McPHERSON ET AL., APPELLANTS.

CONFLICT OF EVIDENCE—APPEAL—APPROPRIATION OF WATER.—In an
action to determine a water right which the plaintiffs claim by prior
appropriation, and which the defendants claim to have acquired both
by prior appropriation and adverse user, a finding in favor of the plain-
tiffs will not be disturbed on appeal when there is a material conflict in
the evidence on such issues.

ID.—PREPONDERANCE OF EVIDENCE.—While a plaintiff is required to estab-
lish his case by a preponderance of evidence, a preponderance of evi-
dence does not necessarily mean a preponderance of the number of
witnesses; and, in such a case, the appellate court cannot say, that, on
the issues thus presented, the evidence of two or three witnesses testify-
ing to a certain state of facts must overthrow the evidence of a witness
testifying to the contrary.

APPEAL from an order of the Superior Court of Tuol-
umne County, denying a new trial.

The facts are stated in the opinion of the court.

*F. W. Street*, and *J. F. Rooney*, for Appellants.

*F. D. Nicol*, and *E. A. Rogers*, for Respondents.

GAROUTTE, J.—This is an action brought to determine
that plaintiffs are entitled to have one hundred inches
of water flow to the head of their ditch in Sandy gulch,
and to have it determined that they are entitled to divert
that quantity of water for the purposes stated in the
complaint.    Defendants deny that plaintiffs are entitled
to the relief sought, and base their denial upon the
ground that defendants are the owners of the first right
to the waters of Sandy gulch, and this because their
grantors first appropriated the waters, and secondly, that,
assuming plaintiffs to have acquired the first right by
prior appropriation, still they have lost that right, and
the defendants have secured the same by adverse user.

A jury was impaneled to advise the court as to the
facts, and one hundred and thirty-three special issues
were submitted to them for their consideration.    The

court adopted the findings of the jury upon these special issues as its findings of fact, and rendered judgment thereon. Appellants made a motion for a new trial, which was denied, and thereupon took the present appeal to this court from the order denying such motion. It is not insisted by appellants that the judgment is not in line with the findings of fact, but it is insisted that the findings have not sufficient support in the evidence, and the important matters raised by this appeal are exclusively questions of fact.

The principal question disclosed by the record is, Did plaintiffs or defendants obtain title to the waters of Sandy gulch by actual appropriation? And the determination of that question rests upon the parol evidence of a great number of witnesses as to the acts of the grantors of these respective parties as least forty years ago, and the conditions surrounding this waterway at that time. The parties to this litigation not only rely upon acts of appropriation for their respective titles occurring so many years in the past, but the inception of these titles is laid at about the same time. Under such circumstances most naturally a conflict of testimony arose as to the fact of the first appropriation. A mass of evidence was placed before the court and jury upon this question, and upon such evidence the court and the jury found in favor of plaintiffs; and, upon a careful reading of the record, we cannot say that there is no substantial positive conflict upon this disputed question of fact.

It would serve no good purpose to take up the testimony of the various witnesses and analyze it in detail, with the object of indicating specifically this conflict. Appellants base their rights upon actual appropriations made by several different parties, but rely principally upon appropriation by the Bacons. The respondents rest upon an appropriation made by one Morehouse, and even conceding that the testimony preponderates in favor of appellants' claims, still a first appropriation is shown to have been made by More-

house by the positive testimony of one John Curtin, whose credibility is not attacked in any way. And his evidence is sufficient to support a finding of fact in this regard. While a plaintiff is required to establish his case by a preponderance of evidence, a preponderance of evidence does not necessarily mean a preponderance of the number of witnesses; and upon a question of the character here presented this court cannot say that the evidence of two witnesses or of three witnesses must as to certain facts overthrow the evidence of one witness testifying to a contrary state of facts. Appellants concede that the evidence of the witness Curtin supports the finding of the court, but insist that his opportunities for observation at the time were limited, and that at most he was but a passing observer of unimportant events to him, and that his time and attention in those days were directed to more stirring scenes, and his mind resting upon more important things. This may all be true, and these things would seem to be arguments of weight before a jury or a court seeking to arrive at the truth, but we hold them of little moment here. His evidence was sufficient to establish a *prima facie* case, and even though the weight of evidence was to the contrary, the finding of fact would not be disturbed. (*Lick* v. *Madden*, 36 Cal. 213; *Kile* v. *Tubbs*, 32 Cal. 332; *Jarnatt* v. *Cooper*, 59 Cal. 706; *Ward* v. *Waterman*, 85 Cal. 504.) The witness was not impeached in any of the ways provided by statute. Such impeachment was not attempted. Evidently his testimony was believed by the jury and by the court, and, under the circumstances here presented, we are not at liberty to cast it aside. A wall of adjudications to this effect has been raised up by this court, which we have no desire to pass over or batter down, for the wisdom of the rule declared in those adjudications cannot be gainsaid. There is evidence in the record other than Curtin's testimony tennding to support plaintiff's claims, but it is not necessary to call especial attention to it.

Have appellants acquired title to this water by adverse

user?   The verdict of the jury and the findings of fact made by the court declare that they failed to secure title in that way, and all that we have heretofore said upon the question of a substantial conflict in the evidence may be considered as again said upon this branch of the case.   Experience has demonstrated that the only safe rule, and therefore the only wise rule, to follow where a substantial conflict in the evidence is disclosed by the record is the one which this court has so long and so steadfastly adhered to.   The evidence is clearly conflicting upon the question of adverse user for the statutory period, and we cannot disturb the findings of the court in that regard.

We do not think the other sources of title relied upon by appellant are sufficiently meritorious to defeat respondent's claims.   Neither do we discern any errors of law upon the part of the court occurring during the progress of the trial that demand a reversal of the order.

For the foregoing reasons, the order denying the motion for a new trial is affirmed.

HARRISON, J., and VAN FLEET, J. concurred.