HIRAM YAPLE v. MYRON L. STEPHENS, *et al.*

1. PERSON PAYING DEBT, *Substituted for Creditor.* Generally, where it is equitable that a person furnishing money to pay a debt should be substituted for the creditor, or in the place of the creditor, such person will be so substituted. (*Crippen v. Chappel*, 35 Kas. 495.)

2. SUBROGATION *to Rights of Prior Mortgagees.* Where Y. paid off certain chattel mortgages which were liens on the property of the firm of D. & Co., although executed by one of the members of the firm prior to the formation of the copartnership, and where the same was done at the request and with the knowledge and consent of all

the members of the firm, and with the understanding and agreement that he should have a new mortgage on the firm property to secure him, *held*, that Y. is subrogated to the rights of the prior mortgagees, upon the annulment of such new mortgage.

*Error from Atchison District Court.*

On November 8, 1884, *Myron L. Stephens* commenced his action against J. C. Dowd, *Hiram Yaple* and W. M. Stephens, for an accounting and winding-up of the business of J. C. Dowd & Co. Subsequently, Seaton & Lea, W. P. Rounds & Co. and Hill, Clark & Co. filed their interpleas, and there was also pending in the court the case of Hill, Clark & Co. against J. C. Dowd & Co. On June 26, 1885, by consent of all parties the matters pending in all said cases were submitted to the court, a jury being waived, and thereupon the court made the following findings of fact:

"1. Prior to April 17, 1884, the said J. C. Dowd owned and operated a planing mill in the city of Atchison, the building being upon leased ground, and the machinery being contained in said building. J. C. Dowd was indebted to James Nesbit, and also to Albert Bracke in considerable sums of money, and the indebtedness was secured by chattel mortgages upon said planing-mill property in favor of each of said creditors. J. C. Dowd also became indebted to Seaton & Lea, but the debt was not in any way secured.

"2. On April 17, 1884, Norman E. Yaple purchased a one-fourth interest in said planing-mill property for the sum of $700, and from that time the business was conducted in the name of J. C. Dowd & Co., and on June 14, 1884, the plaintiff, Myron L. Stephens, purchased of J. C. Dowd another one-fourth interest in said planing-mill property for the sum of $700, of which about the sum of $600 was paid under the written agreement, a copy of which is set forth as 'Exhibit A' to the plaintiff's petition. Neither Norman E. Yaple nor the plaintiff ever agreed to assume any part of the indebtedness of J. C. Dowd mentioned in conclusion of fact 1.

"3. Although it was provided by the agreement of June 14, 1884, that the name of the firm should be known as J. C. Dowd & Co., yet the business was conducted principally in the name of J. C. Dowd, accounts for lumber and material being usually charged to him, and he paying the same from

the earnings of the planing-mill in some instances, and in others giving his individual promissory note therefor. The plaintiff did not wish it to be generally known that he was a partner in the said firm, and this was one of the reasons for incurring the liabilities in the individual name of J. C. Dowd.

"4. On July 15th, 1884, J. C. Dowd executed his promissory note to L. F. Bird, for money obtained from said Bird, for the use and benefit of the firm, and he at the same time executed to Bird a chattel mortgage upon the planing-mill property to secure said indebtedness. This note, and the mortgage securing the same, were executed by J. C. Dowd, with the knowledge and consent of the plaintiff, Myron L. Stephens, and Norman E. Yaple, and the money was used in the firm business, and for its benefit. The amount of money so obtained on said note was $200, which was payable October 15, 1884, with interest at 12 per cent. per annum from the date of the note and mortgage.

"5. The firm of J. C. Dowd & Co., consisting of J. C. Dowd, Norman E. Yaple, and the plaintiff, Myron L. Stephens, also incurred indebtedness to W. P. Rounds & Co., and another indebtedness to Hill, Clark & Co., in the running of said business. The claim of W. P. Rounds & Co. was upon book account for lumber and material furnished to said planing-mill, and the claim of Hill, Clark & Co. was principally for machinery for the planing-mill, for which, on July 28, 1884, the defendants, under the name of J. C. Dowd & Co., executed their promissory note to Hill, Clark & Co. for the sum of $300, payable four months after date, with interest at 8 per cent. per annum. Said firm also became indebted to Hill, Clark & Co. in the sum of $38.41, being a balance of book account, the last item thereof being a credit of date October 21, 1884.

"6. In September, 1884, Norman E. Yaple became anxious to dispose of his interest in said firm. The chattel-mortgage creditors, Albert Bracke, James Nesbit, and L. F. Bird, were also anxious to realize on their claims. J. C. Dowd consulted with plaintiff, Myron L. Stephens, about the payment or securing of said chattel-mortgage claims, by obtaining a new loan, and also talked to plaintiff, Myron L. Stephens, about the purchase of the interest of Norman E. Yaple, and he told the plaintiff, Myron L. Stephens, that Hiram Yaple would advance money to pay off the chattel-mortgage claims if he, the plaintiff, would buy out the interest of Norman E. Yaple, who was his son. The plaintiff, Myron L. Stephens, never

consented to the purchase of the interest of Norman E. Yaple, but he did agree that the mortgages should be satisfied, and that a new mortgage might be given therefor.

"7. The chattel-mortgage claims amounted to $720, and the interest of Norman E. Yaple was still valued at $700. J. C. Dowd, on October 7, 1884, executed his two certain promissory notes to Hiram Yaple, one for $720 and the other for $700, each bearing interest at 10 per cent. from date; at the same time he executed a chattel mortgage upon said planing-mill to Hiram Yaple, to secure said two promissory notes, a copy of which is annexed to the petition of Myron L. Stephens, plaintiff, as 'Exhibit B,' and Hiram Yaple caused to be paid the three chattel-mortgage claims to James Nesbit, Albert Bracke, and L. F. Bird, respectively, amounting in all to the sum of $720. Hiram Yaple at the same time executed to his son, Norman E. Yaple, his promissory note for $700, for the interest of Norman E. Yaple, which J. C. Dowd claimed to be purchased for him and the plaintiff, Myron L. Stephens. Norman E. Yaple was indebted to Hiram Yaple in about the sum of $375, at the time, and a credit was entered upon said note for that sum.

"8. On October 21, 1884, Myron L. Stephens executed to his father, W. M. Stephens, a chattel mortgage upon his interest in said planing-mill property, for the sum of $796, to secure four certain promissory notes which said M. L. Stephens had previously executed to said W. M. Stephens, amounting in the aggregate to said sum of $796; said sum of $796, representing only the individual indebtedness of Myron L. Stephens to his father W. M. Stephens, and said mortgage was executed without the knowledge and without the consent of J. C. Dowd and Norman E. Yaple, or either of them.

"9. On December 13, 1884, Seaton & Lea obtained judgment against J. C. Dowd, before a justice of the peace of Atchison county, for the sum of $163.82, and upon the same day caused execution to be levied upon the individual one-half interest of J. C. Dowd in said planing-mill property.

"10. In December, 1884, Hill, Clark & Co. commenced an action against J. C. Dowd, Myron L. Stephens and Norman E. Yaple as partners, in this court, on their said claim, and on the 16th day of December, 1884, caused an order of attachment to be levied upon said planing-mill property to secure their claim.

"11. On December 19, 1884, W. P. Rounds & Co. obtained judgment against J. C. Dowd, Norman E. Yaple, and M. L. Stephens, as partners, before a justice of the peace of this county,

for the sum of $289.50 debt, and $7.40, costs, and on December 30, 1884, caused execution to be levied upon said planing-mill property to satisfy their said judgment.

"12. When said mortgages of October 7, and October 21, 1884, were executed, said firm of J. C. Dowd & Co. was insolvent.

"13. On October 7, 1884, when Hiram Yaple received said notes and mortgages, he knew that the firm-name was J. C. Dowd & Co., and who were the members of said firm, and that said firm of J. C. Dowd & Co. was unable to pay its debts, as they matured, and Norman E. Yaple was largely indebted to him besides, but he had no personal knowledge of the claims of Hill, Clark & Co. and W. P. Rounds & Co.

"14. Said mortgage of October 7, 1884, was executed by J. C. Dowd and accepted by Hiram Yaple, in order to give Hiram Yaple a lien upon said property that should be prior to, and cut out any claim of partnership creditors to the extent of the claims of James Nesbit and Albert Bracke, and the said purchase-price of Norman E. Yaple's interest. And the said mortgage of October 21, 1884, was given by the plaintiff, M. L. Stephens, and accepted by W. M. Stephens for the purpose of cutting out and defeating any claim of the creditors of the firm of J. C. Dowd & Co. upon the interest of M. L. Stephens in said property.

"15. After June 14, 1885, part of the indebtedness to Albert Bracke and James Nesbit was paid out of the earnings of the planing mill, and this with the knowledge of Norman E. Yaple and W. M. Stephens, but there is no evidence as to the understanding of the parties as to whether such payments were to be charged to J. C. Dowd or not."

And thereon the court made the following conclusions of law :

"1. After deducting the costs in the action of M. L. Stephens against J. C. Dowd, *et al.*, including the costs of the receivership, the claim of Hiram Yaple under his mortgage, to the extent of the firm indebtedness to L. F. Bird, being $200, with interest thereon at the rate of 12 per cent. per annum from July 15, 1884, is in equity a first lien upon the fund in the hands of the receiver.

"2. The claim of Hill, Clark & Co. for the sum of $338.41, with interest on $300 thereof from July 24, 1884, at 8 per cent. per annum, and on $38.41 thereof from October 21, 1884, at 7 per cent. per annum, together with the costs in said action of

Hill, Clark & Co. against J. C. Dowd & Co., is in equity a second lien upon the fund in the hands of the receiver.

"3. The claim of W. P. Rounds & Co. on their judgment for $289.50 debt, and $7.40 costs, is in equity a third lien upon the fund in the hands of the receiver.

"4. If there be any residue of the fund in the hands of the receiver, the same should be divided between Hiram Yaple and W. M. Stephens in the following proportions, namely: To Hiram Yaple, $\frac{910}{1109}$ thereof; and to W. M. Stephens $\frac{199}{1109}$ thereof, to pay to Hiram Yaple the sum of $1,214, and to W. M. Stephens the sum of $796.

"5. And thereafter, if any sum be remaining, the same should be applied upon the judgment of Seaton & Lea for $163.82."

Conclusions of law in the case of Hill, Clark & Co. against J. C. Dowd & Co.:

"1. The giving of the mortgages of October 7 and October 21, 1884, by J. C. Dowd and M. L. Stephens, respectively, was in fraud of the rights of the creditors of J. C. Dowd & Co., and sufficient ground for the order of attachment herein.

"2. Hill, Clark & Co. are entitled to recover of J. C. Dowd, Myron L. Stephens, and Norman E. Yaple, partners as J. C. Dowd & Co., the sum of $338.41, together with interest on $300 thereof from July 28, 1884, at 8 per cent. per annum, and on $38.41 thereof, from October 21, 1884, at the rate of 7 per cent. per annum, and costs of suit.

Subsequently the court rendered the following judgment, viz.:

"And thereon it is adjudged and decreed by the court that the plaintiff, Myron L. Stephens, take nothing by his said action, and that the proceeds of the sale of the property of J. C. Dowd & Co., as heretofore reported by and now in the hands of Henry Denton, receiver, be apportioned, paid out and applied as follows:

"1. That there be first paid the costs in the action of Myron L. Stephens against J. C. Dowd, Hiram Yaple, and W. M. Stephens, including the costs of the receivership.

"2. That there be paid to Hiram Yaple the sum of two hundred dollars, with interest thereon at the rate of twelve per cent. per annum from July 15, 1884.

"3. That there be paid to Hill, Clark & Co. the sum of three hundred and thirty-eight and $\frac{41}{100}$ dollars, with interest

on three hundred dollars thereof from July 28, 1884, at eight per cent. per annum, and on thirty-eight and $\frac{41}{100}$ dollars thereof, interest at seven per cent. per annum from October 21, 1884, together with all costs in the action of Hill, Clark & Co. against J. C. Dowd & Co.

"4. That there be paid to W. P. Rounds & Co. the sum of two hundred and eighty-nine and $\frac{50}{100}$ dollars debt, and seven and $\frac{40}{100}$ dollars costs, in the action of W. P. Rounds & Co. v. J. C. Dowd & Co.

"5. That there be paid to Hiram Yaple the sum of one thousand two hundred and fourteen dollars, and to W. M. Stephens the sum of seven hundred and ninety-six dollars; and if the fund in the hands of said .receiver be sufficient to pay said amounts, that the residue so in the hands of the receiver after the payment of the claim of W. P. Rounds & Co. be paid to Hiram Yaple and W. M. Stephens in the following proportion: to Hiram Yaple $\frac{910}{1109}$ of said residue, and to W. M. Stephens $\frac{199}{1109}$ of said residue.

"6. That if any sum be remaining after the payment of said claim to Hiram Yaple and W. M. Stephens, that the same be paid upon the judgment of Seaton & Lea for $163.82."

*Hiram Yaple*, one of the defendants, excepted to all the rulings, findings and judgment of the court, and brings the case here.

*Gilbert & Walker*, and *B. P. Waggener*, for plaintiff in error.

*A. F. Martin*, for defendants in error Hill, Clark & Co.; *Frank Royse*, for defendants in error W. P. Rounds & Co.

The opinion of the court was delivered by

HORTON, C. J.: On October 7, 1884, J. C. Dowd, of the firm of J. C. Dowd & Co., executed two promissory notes to Hiram Yaple, one for $720, and the other for $700, each bearing interest at ten per cent. per annum from date. At the same time he executed to Hiram Yaple a chattel mortgage upon the planing-mill property operated by J. C. Dowd & Co., to secure these notes. At the time of the execution of the chattel mortgage, James Nesbit, Albert Bracke and L. F. Bird, respectively, held claims secured by mortgages upon the planing-mill property, amounting in all to the sum of $720.

The mortgages to Nesbit and Bracke had been given by J. C. Dowd upon property subsequently acquired by the firm of J. C. Dowd & Co. prior to the formation of the partnership. The mortgage of Bird was given by J. C. Dowd after the formation of the partnership, with the consent of his partners, for money for the use and benefit of the firm. Hiram Yaple paid off the mortgages of Nesbit, Bracke and Bird, and executed to Norman E. Yaple his promissory note of $700, but three hundred and seventy-five dollars of this was entered as a credit upon the note for certain indebtedness from Norman E. to Hiram Yaple. It appears from the findings that although the firm, consisting of J. C. Dowd, Norman E. Yaple and Myron L. Stephens, was known as "J. C. Dowd & Co.," the business was conducted principally in the name of "J. C. Dowd." Before J. C. Dowd executed the mortgage of October 7, he consulted with his partners, Norman E. Yaple and Myron L. Stephens, about the payment of the mortgages of Nesbit, Bracke and Bird, and all of the partners agreed that the prior chattel mortgages should be satisfied, and a new mortgage given to Hiram Yaple therefor. Although the mortgages executed to Nesbit and Bracke by J. C. Dowd were executed prior to the formation of the firm of J. C. Dowd & Co., they were prior liens upon the property in which the partners were interested. Norman E. Yaple and Myron L. Stephens never assumed any part of this indebtedness, and were not personally responsible therefor, but these mortgages covered the planing-mill property operated by the firm. It is conceded that Hiram Yaple furnished the money to pay off the chattel mortgages of Nesbit, Bracke and Bird, and that he did so at the request and with the knowledge and consent of all the members of the firm, and with the understanding and agreement that he should have a new mortgage on the firm property to secure him. He cannot therefore be said to have been a stranger, or a mere volunteer, in paying the mortgages of Nesbit, Bracke and Bird.

Generally, where it is equitable that a person furnishing money to pay a debt should be substituted for the creditor,

or in place of the creditor, such person will be so substituted. (*Crippen v. Chappel*, 35 Kas. 495.) Under the general doctrine of subrogation or of equitable assignment, this case comes within this doctrine, and as the new mortgage of October 7, 1884, has been set aside, Hiram Yaple should be subrogated to the rights of Nesbit and Bracke, as well as of Bird. The learned trial court decided that the claim of Hiram Yaple under his mortgage of October 7, 1884, was a first lien upon the fund in the hands of the receiver to the extent of the firm indebtedness to L. F. Bird for $200, with interest from July 15, 1884, at 12 per cent. per annum. The indebtedness of J. C. Dowd to Nesbit and Bracke should also have been included as a first lien upon the fund in the hands of the receiver. The payment of the prior mortgages of Nesbit and Bracke by Hiram Yaple was not in fraud of the rights of the creditors, or of any of the partners, and Yaple is entitled to be substituted in the place of Nesbit and Bracke.

The judgment of the district court will be reversed, and the cause remanded with direction that judgment be entered upon the findings of fact that Hiram Yaple have a first lien upon the fund in the hands of the receiver for all sums due him upon the chattel mortgages of Nesbit, Bracke, and Bird.

All the Justices concurring.