## THORPE v. SAMPSON et al.

### (Circuit Court, S. D. California. October 5, 1897.)

### No. 712.

1. MARRIED WOMAN—SEPARATE ESTATE.

In 1884 certain land in California, known as lots B and C, was conveyed to one C., a married woman, by a deed which did not recite that it was conveyed to her as her separate estate; but the consideration paid was money derived by her from the sale of a certain "lot 13," which had theretofore been conveyed to her by her husband by a quitclaim deed which was solely upon the consideration of "love and affection." *Held*, that lot 13 was the separate property of the wife, and that, therefore, lots B and C, being bought with the proceeds thereof, were also her separate property.

2. QUIETING TITLE—SUIT AGAINST EXECUTOR—CALIFORNIA STATUTE.

It is a clear implication from Code Civ. Proc. Cal. § 1452, that an heir or devisee shall not maintain an action against the executor or administrator to quiet the title to the real estate of the decedent.

3. SAME—JURISDICTION—FEDERAL AND STATE COURTS—PRIORITY.

The rule that, where two courts have concurrent jurisdiction over the same subject-matter, the one before whom proceedings are first commenced, and whose jurisdiction first attaches, will be left to determine the controversy, applies, irrespective of statute, to prevent the maintenance in the federal court of California of a suit by the surviving husband of a decedent, or his grantee, against her administrator, pending administration, to quiet the title to the husband's share of her separate property.

This was a suit in equity by William Thorpe against Thomas Sampson, individually and as administrator of the estate of Mary Chism, deceased, to quiet title to certain real estate.

Richard R. Tanner and F. H. Taft, for complainant.

Works & Lee, for defendants.

WELLBORN, District Judge. This is a suit to quiet title to lots B and C, in block 196, of the town of Santa Monica, Cal. The material facts of the case, as stipulated and shown in evidence, are as follows: On the 1st of May, 1864, one Andrew Chism and one Mary Bankhead were married at the county of San Bernardino, in the state of California, and continued to be husband and wife up to the time of the death of the said wife, on the 1st day of October, 1884. On the 24th day of March, 1884, W. D. Vawter and E. J. Vawter, then the owners of the said property, made, executed, and delivered to Mary Chism a deed, conveying to her all of said property; said deed being for a consideration of $900, and without any recitals showing that said land was conveyed to the said Mary Chism as her separate estate. Mary Chism died at the county of Los Angeles, in the state of California, on the 1st day of October, 1884, and had theretofore made no transfer or conveyance of said property to any person whomsoever, and was in possession thereof at the time of her death. Andrew Chism survived his wife, Mary Chism, and on the 23d day of March, 1885, by a deed in the form of a quitclaim, and for the expressed consideration of $100, conveyed all his right, title, and interest in said property to complainant. On the 10th day of March, 1885, upon proceedings for that purpose duly and regularly had in the superior court of the county of Los Angeles,

state of California, letters of administration upon the estate of the said Mary Chism, deceased, were duly granted and issued out of said court to Thomas Sampson, the defendant in this action, who ever since has been, and now is, the duly appointed, qualified, and acting administrator of said estate, and said letters have never been revoked. Notice to creditors of said estate was published by said administrator in the year 1885, and no claims have been filed against said estate. No decree of distribution has been rendered, and said administration is still pending. An inventory of said estate was duly made and filed by said administrator in said probate proceedings aforesaid, and said property was in said inventory appraised as the separate property of Mary Chism, deceased. The petition for letters of administration in said probate proceedings was signed by Andrew Chism and Thomas Sampson, and was filed therein October 14, 1884, and recited, among other things, that the decedent, Mary Chism, left surviving her, as her heirs at law, George Bankhead, a son, aged 32 years; John Crosby, a son, aged 27 years; the petitioner Thomas Sampson, a son, aged 23 years; Samuel Sampson, a son, aged 21 years; Margaret Alice Chism, a daughter, aged 17 years; Robert Chism, a son, aged 14 years; and her husband, Andrew Chism, aged 60 years. The complainant William Thorpe was, at the time of bringing this action, a citizen of the state of New York, and the defendants are citizens of the state of California, and are inhabitants of the Southern district of California; and the value of the property in this action, exclusive of costs and interest, exceeds $2,000. The $900 paid to the Vawter brothers, as the consideration for the property, in Santa Monica, conveyed to Mary Chism by them, was money which she had received from John K. Skinner on a sale to him of lot 13, block 101, Bellevue Terrace tract, city of Los Angeles, Cal., and the title to which was acquired by her as follows: Said lot 13 was conveyed by Prudent Beaudry on September 25, 1871, to Andrew Chism for the consideration of $400. One half of this $400 was furnished by the son of Mary Chism, and the other half was her personal earnings. On September 26, 1871, Andrew Chism conveyed said lot 13, for the consideration of love and affection, to his wife, Mary Chism. As already stated, Mary Chism subsequently conveyed this said lot, her husband, Andrew Chism, joining in the conveyance, to John K. Skinner, a part of the consideration being $1,100 cash. Out of this $1,100 Mary Chism paid for the lots in Santa Monica which are here in controversy. The issues in the case are whether these Santa Monica lots were the separate property of Mary Chism, or the community property of herself and her husband, Andrew Chism; and, if the separate property of Mary Chism, whether or not the complainant can, in this suit, quiet his title to that part thereof, namely, one-third, to which, on a distribution of the estate in probate, he would be entitled as the grantee of Andrew Chism, the surviving husband.

I am clearly of the opinion that said property was the separate property of Mary Chism. Indeed, I can see but little, if any, room for controversy on this point. It is true, as claimed by defendant, that, where land is conveyed to either husband or wife during the mar-

riage, the presumption is that the land so conveyed is community property, and this presumption can only be overcome by clear and satisfactory evidence to the contrary. In re Boody's Estate, 113 Cal. 682, 45 Pac. 858; Tolman v. Smith, 85 Cal. 280, 24 Pac. 743; Jordan v. Fay, 98 Cal. 267, 33 Pac. 95. In the case at bar, however, the presumption referred to has been overcome by convincing and uncontradicted proof that said property was bought with money which was the separate estate of the wife, namely, money received by her from John K. Skinner for lot 13, block 101, Bellevue Terrace tract, in the city of Los Angeles. Whatever may have been the character of Andrew Chism's title, as originally acquired, to the property last mentioned, bought of Prudent Beaudry, September 25, 1871, that property, by the deed of said Andrew Chism to Mary Chism, made on the day following, to wit, September 26, 1871, unquestionably became the separate property of Mary Chism. The deed to her, although in form a quitclaim, was solely upon the consideration of "love and affection," and therefore a gift, within the meaning of the California statutes relating to the separate property of married women. Peck v. Vandenberg, 30 Cal. 11; Salmon v. Wilson, 41 Cal. 595. Even had the deed from Andrew Chism to Mary Chism been for money or other valuable consideration, the property thus acquired would have been her separate property. Taylor v. Opperman, 79 Cal. 468, 21 Pac. 869; Ions v. Harbison, 112 Cal. 260. 44 Pac. 572. The fact that Andrew Chism joined his wife in her deed to John K. Skinner is an immaterial circumstance. It was unnecessary for him to have done so, and was, doubtless, a suggestion of the purchaser, prompted only by excessive precaution. The Santa Monica lots, then, having been paid for out of the separate funds of Mary Chism, it follows that said lots were her separate property, and that complainant has no greater or other interest therein than that to which his grantor, Andrew Chism, succeeded upon the death of Mary Chism, as one of her heirs at law.

On the other issue in the case, the contention of the defendant is also well taken. In California the property of an intestate passes to his or her heirs, subject to the control of the probate court, and to the possession of any administrator appointed by the court for the purposes of administration. Civ. Code Cal. 1384. Section 1452 of the Code of Civil Procedure of said state further provides that:

"The executor or administrator is entitled to the possession of all the real and personal estate of the decedent, and to receive the rents and profits of the real estate until the estate is settled, or until delivered over by order of the court to the heirs or devisees; and must keep in good tenantable repair all houses, buildings, and fixtures thereon which are under his control. The heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action for the possession of the real estate, or for the purpose of quieting title to the same, against any one except the executor or administrator; but this section shall not be so construed as requiring them so to do."

The last sentence of this section 1452 clearly implies that an heir or devisee shall not maintain an action for the possession of the real estate of the decedent, or to quiet title to the same, against the executor or administrator. Construing these and similar statutory provisions, the supreme court of said state have held, in a multitude of cases, that an action for the possession of such property cannot be

maintained by the heirs until administration of the estate has been settled, or the property distributed by a decree of the probate court. Meeks v. Hahn, 20 Cal. 624; Chapman v. Hollister, 42 Cal. 462; Meeks v. Kirby, 47 Cal. 168; Page v. Tucker, 54 Cal. 121. And the same court has also held, in one case. that, pending the administration of the estate, the heir cannot maintain an action to quiet title. Harper v. Strutz, 53 Cal. 665.

Without reference, however, to the statutes of California, or decisions based thereon, except so far as they establish the competency of the probate court to determine questions of heirship, the present suit, it seems to me, is a fit one for the application of the rule of law, recognized and applied universally in this country, that, where two courts have concurrent jurisdiction over the same subject-matter, the one before whom proceedings are first commenced, and whose jurisdiction first attaches, will be left to determine the controversy, without interference from the other. Sharon v. Terry, 36 Fed. 337; Gamble v. City of San Diego, 79 Fed. 487, and cases there cited; Brooks v. Delaplaine, 1 Md. Ch. 354. In the last-cited case the chancellor says:

"When two courts have concurrent jurisdiction over the same subject-matter, the court in which the suit is first commenced is entitled to retain it. This rule would seem to be vital to the harmonious movement of courts whose powers may be exerted within the same spheres, and over the same subjects and persons. * * * Any other rule will unavoidably lead to perpetual collision, and be productive of the most calamitous results."

For the reasons above indicated, this bill will be dismissed. In order, however, that the decree herein may not affect any rights or interests which the complainant may have acquired through Andrew Chism, as one of the heirs at law of Mary Chism, deceased, the dismissal will be without prejudice to any other proceeding or suit now pending, or that may be hereafter brought, for the determination of such rights or interests.