[Sac. No. 5003. In Bank.—August 10, 1936.]

BANK OF AMERICA NATIONAL TRUST AND SAV-
INGS ASSOCIATION (a National Banking Associa-
tion), Plaintiff, Cross-Defendant and Respondent, v.
H. A. RADFORD et al., Defendants; A. L. HORTON
et al., Defendants, Cross-Complainants and Appellants.

W. L. Baugh, Jr., for Appellants.

T. F. Peterson, G. D. Schilling and Louis Ferrari for Respondent.

SHENK, J.—The plaintiff sued to foreclose a mortgage alleged to have been given to secure a promissory note executed by the defendants Radford. The defendants A. L. Horton, Louise M. Horton and Cora A. Opie filed answers and cross-complaints. The plaintiff filed demurrers thereto and moved to strike portions thereof. On April 2, 1935, the court granted the motions to strike. On April 8, 1935, the court sustained the demurrers to the answers without leave to amend and entered its decree of foreclosure, from which the cross-complaining defendants, hereinafter referred to as the defendants, have appealed. The record filed on the appeal does not disclose what disposition was made of the demurrers to the cross-complaints.

The defendants claim that the court committed error in its rulings on the motions to strike and on the demurrers. It is also contended that the court erred in granting final judgment without ruling on the demurrers to the cross-complaints. However, in an application by the plaintiff for diminution of the record it appears that the trial court subsequently on November 6, 1935, ordered the entry of an order *nunc pro tunc* as of April 8, 1935, that the demurrers to the answers and cross-complaints be sustained without leave to amend. The defendants' only objection to the inclusion of such order as part of the record is based on its contention that the order itself does not expressly indicate that there was any clerical omission from the previous order, and therefore that the court's mistake, if any, was judicial and not clerical. On the face of the record, however, it is obvious that the omission to couple the cross-

complaints with the answers in sustaining the demurrers thereto was merely a clerical misprision. The defendants were hardly justified in relying on such an omission from the court's order sustaining demurrers to the answers as establishing reversible error, especially when both answers and cross-complaints were filed at the same time. No claim is made that the *nunc pro tunc* order as alleged was not made by the trial court. The motion for diminution is therefore granted, and the appeal will be disposed of as though the omitted order were a part of the record.

The merits of the appeal are therefore confined to the questions whether the court erred in granting the motions to strike portions of the answers and of the cross-complaints and in sustaining without leave to amend the plaintiff's demurrers to the answers and the cross-complaints.

Except for the admission of the corporate character of the plaintiff, and the admission that the answering defendants claim some right and title to the property involved, the answers contain paragraph by paragraph denials of the allegations of the complaint based on the defendants' lack of information or belief sufficient to enable them to answer. By the first affirmative defense the defendants allege that since the execution of the mortgage they received from the mortgagors deeds to certain lots embraced within the property covered by the mortgage, and that the mortgagees, who were the defendants Huffman, upon payment to them of a certain valuable consideration, agreed to release said lots from the lien of the mortgage; but that, although the mortgagees received and accepted the consideration for the release, and have often been requested to make such release, they have failed and refused to do so. The pleadings show that the plaintiff became the holder of the note and mortgage before maturity. There is no allegation in the answers as to how said agreement for release, if performed on the part of the defendants, would be binding on the plaintiff.

By a second affirmative defense the defendants aver that a note given by the mortgagors before the maturity of the original notes, to cover the balance remaining due and unpaid on the original notes, was not a renewal note but was a novation of the original obligation. The defendants allege that the subsequent note shows on its face that it is

secured by mortgage of even date, whereas no new mortgage was executed and the mortgage attempted to be foreclosed has not been renewed except, as shown by the complaint, by the separate acknowledgment in writing of the mortgagors that such later note was secured by the same mortgage. By their cross-complaints the defendants sought to obtain specific performance as against the plaintiff of the alleged contract to release from the lien of the mortgage the lots purchased by them from the mortgagors, and to quiet title to such lots. There was also injected into the cross-complaints the theory that the later note constituted a novation which was in effect "payment" of the prior notes and that the subsequent note was not secured by the mortgage; and that, therefore, the lots purchased by the defendants were not covered by the lien of the mortgage.

▆ The obvious deduction from the allegations of the affirmative defenses and of the cross-complaints is that if the defendants have not alleged facts which show that the plaintiff was bound by the contract of release, and such facts are not alleged, and if the later note is conclusively shown by the pleadings to have been a renewal note secured by the mortgage sought to be foreclosed, the defendants took the lots purchased by them subject to the mortgage. It becomes apparent from the defendants' affirmative pleadings that their denials for lack of information or belief are insufficient; and further that they have not alleged a contract of novation. (Civ. Code, sec. 1532.) ▆ Their allegation that the note sued upon was a novation is merely a conclusion of the pleaders, and cannot overcome the legal effect of the facts from which the conclusion is attempted to be drawn, viz., that the subsequent note, given before the maturity of the original notes, merely extended the time of payment of the balance due on the prior notes and constituted a renewal thereof secured by the mortgage. (*Gnarini* v. *Swiss American Bank,* 162 Cal. 181 [121 Pac. 726]; *Tolman* v. *Smith,* 85 Cal. 280 [24 Pac. 743]; 17 Cal. Jur., pp. 878, 879.) Therefore under the facts alleged the court in sustaining the demurrers might well have concluded that the defendants had not stated matter which indicated other than that their claimed rights were subject to the mortgage.

We find no error in the orders of the court granting the motions to strike and sustaining the demurrers to the answers and cross-complaints without leave to amend.

The judgment is therefore affirmed.

Curtis, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.