[Civ. No. 19298.   Second Dist., Div. Two.   June 9, 1953.]

WILMA WOLFSON, Plaintiff and Respondent, v. INEZ DODDS BEATTY, Appellant; BEN BROWN, as Administrator, etc., Defendant and Respondent.

Morris Lavine for Appellant.

Frank W. Troost for Plaintiff and Respondent.

Harold W. Kennedy, County Counsel, and Baldo M. Kristovich, Deputy County Counsel, for Defendant and Respondent.

McCOMB, J.—Defendant Inez Dodds Beatty appeals from a judgment in favor of plaintiff in an action to quiet title to a parcel of real estate and an automobile, and to establish community property rights therein while the estate of Frank Wolfson, husband of plaintiff, was in the process of administration.

*Chronology*:

i. Plaintiff and Frank Wolfson were married July 11, 1922.

ii. Some period after the marriage plaintiff and decedent separated but were never divorced.

iii. In 1926 decedent went to Texas without any money, at which time he met defendant Beatty, a married woman.

iv. In June, 1945, decedent and defendant Beatty came to California.

v. In June, 1946, defendant Beatty was divorced from her husband.

vi. After coming to California decedent and defendant Beatty looked at the parcel of real property here involved, located at 4262-4264-4266 Normal Street, Los Angeles. Thereafter decedent gave $300 in cash as earnest money to the real estate agent who showed them the property. An escrow was then opened on August 25, 1945, with the Citizens National Bank to complete the purchase of said real estate. The original instructions dated August 25, 1945, provided that title to the real property was to vest in decedent, a married man. On the same date decedent delivered the sum of $2,200 to the escrow holder.

vii. August 28, 1945, amended escrow instructions were signed providing for title to vest in defendant Inez Dodds Beatty Wolfson, a married woman, as her sole and separate property. At the close of the escrow a grant deed from the sellers to Inez Dodds Beatty Wolfson, a married woman, was recorded together with a quitclaim deed from decedent to Inez Dodds Beatty Wolfson, his wife, and a trust deed from Inez Dodds Beatty Wolfson to the vendors securing a trust deed note in the sum of $6,900.

viii. October 11, 1945, decedent gave the vendors two checks, one in the sum of $800 and one in the sum of $34.50 as payments on a trust deed note executed by defendant Beatty. Subsequent payments upon the trust deed notes were made by decedent.

ix. In 1947 decedent went to Michigan where he purchased a 1947 Buick Sedanette. A certificate of title was issued in decedent's name. After returning to Los Angeles, decedent handed defendant Beatty the certificate of title to the car.

x. September 17, 1947, Frank Wolfson died.

xi. March 25, 1948, defendant Brown was appointed administrator with the will annexed of decedent's estate.

xii. May 7, 1948, plaintiff instituted the present action against defendant Beatty and the public administrator to quiet title in the real property and automobile mentioned above. The action in the Los Angeles Superior Court was No. 544457.

xiii. ° Prior to filing the present case defendant Beatty had instituted an action against the public administrator to quiet title to the automobile above mentioned. The number of this case in the Los Angeles Superior Court was No. 536792.

xiv. October 25, 1948, both the aforementioned cases were consolidated for trial.

xv. Thereafter the consolidated cases were tried before the Honorable William L. Bradshaw, Judge of the Superior Court of Kern County, duly assigned by the Chairman of the Judicial Council to preside in the Superior Court of Los Angeles County. After trial Judge Bradshaw, on October 3, 1950, signed a judgment in favor of defendant Beatty.

xvi. December 14, 1950, pursuant to a motion for a new trial duly and regularly made by plaintiff in the instant action (Los Angeles Superior Court, No. 544457), Judge Arnold Praeger, a duly elected Judge of the Superior Court

of Los Angeles County, granted the motion.* No appeal
was taken from this order and it has become final. Upon a
retrial before Judge Clarence Kincaid a judgment was en-
tered in favor of plaintiff against defendant Beatty quieting
title to the property in question in plaintiff subject to the
rights of the public administrator in administering the estate

---

*Omitting the title, the order reads:

"The Court has read all of the pleadings, the findings of fact and
conclusions of law, the reporter's transcript, and has examined all of the
exhibits.

"A brief resume of the Court's reasons for its rulings follows. Time
does not permit a more detailed discussion.

"It is alleged that plaintiff and Frank Wolfson, deceased, were married
more than twenty-five years ago and were husband and wife at the date
of his death. The Court found only that they were husband and wife
when he died.

"It is alleged in paragraph III of the complaint 'That said Frank
Wolfson was not possessed of any property at the time of his marriage
to the plaintiff herein other than a small amount of property necessary
for their living' and paragraph V, 'and was at the time of his death a
resident of' 'the County of Los Angeles, State of California.' No finding
is made with respect to these allegations.

"It is alleged in paragraph VII of the complaint 'that the considera-
tion for the deed from Ernest L. and Mabel Nelson to said Inez Dodds
Beatty was given by said Frank Wolfson, Deceased, and was the com-
munity property of said deceased and the plaintiff herein.'

"In finding IV, page 5, the Court found that the funds used were
not community funds, but does not specify their character. The only
evidence with respect to the character of decedent's property is that it
was acquired by him in the state of Texas, a community property state.

"The Court found (finding I, page 4): 'It is true that on the 27th
day of August, 1945, Frank Wolfson purchased the real property men-
tioned and described in said complaint from Ernest L. Nelson and Mabel
M. Nelson for the consideration of Sixteen Thousand ($16,000) Dollars
for the defendant Inez Dodds Beatty . . . and he intended that title
be vested in said Inez Dodds Beatty . . . as her property.' The Court
found (finding VI, page 6) that Frank Wolfson 'deposited in said escrow
the sum of Two thousand Two hundred ($2,200) Dollars; that the
broker, H. D. Kirk, deposited said sum of Three Hundred Dollars ($300)
in said escrow;'. In finding I, on page 3, the Court found, '. . . it is not
true that he did not intend to make a gift of said property to said Inez
Dodds Beatty.' In finding III, page 9, the Court found, '. . . it is true
that Frank Wolfson intended that title to said property should at all times
remain vested in said Inez Dodds Beatty.' In finding VI, page 3, the
Court found, 'It is not true . . . that there was no consideration for
said deed.' (meaning the deed to Inez).

"The cross-complaint of the public administrator alleges that the
entire $2,500.00 deposited in escrow belonged to Frank Wolfson.

"The answer of Inez Dodds Beatty to the cross-complaint, paragraphs
V, VI and VII, alleges that she furnished the money to Wolfson and
that he was acting as her agent.

"No finding was made on the issue that Inez furnished the money.
The weight of the evidence indicates she did not.

"With respect to the second trust deed executed by Inez it is alleged
in said cross-complaint (paragraph XIV) with respect to payment of
the trust deeds that Wolfson '. . . also paid the interest and principal of

of decedent. From this judgment defendant Beatty prosecutes the present appeal.

Defendant Beatty contends:

First: *The complaint does not state a cause of action on behalf of plaintiff as against defendant Brown, the public administrator, and defendant Beatty for the reason that section 581 of the Probate Code provides that the devisees or heirs may maintain an action for real property against any other "except the executor or administrator," relying on Harper v. Strutz, 53 Cal. 655, and Thorpe v. Sampson, 84 F. 63.*

This contention so far as defendant Beatty is concerned is devoid of merit. Section 581 of the Probate Code reads in part as follows: ". . . The heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action for the possession of the real property, or for the purpose of quieting title to the same, against anyone except

the above mentioned notes and trust deeds from his money solely, and without any aid or assistance whatsoever of the said cross-defendant Inez Dodds Beatty.'

"The finding of the Court in this regard was 'that with the *aid* of Frank Wolfson, *they* (emphasis added) have paid said trust deed in full.' (meaning the second trust deed). This finding is vague and uncertain and does not find the fact in issue.

"In finding I, page 4, the Court found that: 'It is true that on the 27th day of August, 1945, Frank Wolfson purchased the real property mentioned and described in said complaint from' . . . the Nelsons.

"In finding IV, page 6, the Court finds, 'That on August 27, 1945, the said Frank Wolfson and Inez Dodds Beatty . . . entered into a written agreement of purchase with' the Nelsons. These findings are conflicting and it cannot be determined therefrom just what the Court did find.

"In finding I, page 9, the Court found that a confidential relation existed between Wolfson and Inez.

"Finding VI, page 3—'It is not true . . . that there was no consideration for said deed'—certainly is against the weight of the evidence. This is borne out by the documentary evidence. (As to right of Court to weigh evidence see *Woods* v. *Walker*, 57 C.A.2d 968.)

"Findings are insufficient if they merely tend to establish the fact in issue or state only general conclusions, leaving it doubtful what particular facts are established. 24 Cal.Jur. 964.

"Findings should be consistent. Where there are contradictory findings about matters material to the merits of the case and the determination of them, one way or the other, is essential to the correctness of the judgment, the judgment cannot stand. 24 Cal.Jur. 965, sec. 202.

"General findings are insufficient if specific facts are put in issue, it is the duty of the Court to find these facts specifically. A general finding which is in effect a conclusion of law is insufficient. 24 Cal.Jur. 973.

"The motions of plaintiff and cross-plaintiff for a new trial are granted on the following grounds:

"1. That the decision is against law, and

"2. Insufficiency of the evidence to sustain the decision.

"Dated: December 14, 1950.

ARNOLD PRAEGER, Judge.''

the executor or administrator; but they are not required so to do.''

In passing upon a similar question in *Wilson* v. *Stoudamire,* 60 Cal.App.2d 642 [141 P.2d 457], after referring to *Harper* v. *Strutz, and Thorpe* v. *Sampson, supra,* Mr. Justice Drapeau, at page 644 says, ''All other California decisions which we have been able to find declare that the quoted clause as used in the Probate Code means what it says, and that the heir may bring the action pleaded in the complaint in the present case. (Citing numerous cases.) ''

The foregoing authority disposes of defendant Beatty's claim.

It is unnecessary for us to decide whether the complaint stated a cause of action against defendant Brown for the reason that the trial judge expressly found and recognized the rights of the public administrator to the possession of the property for the purposes of administration. Thus defendant Beatty was not an aggrieved party and has failed to show any prejudice so far as she is concerned.

Second: *The order of Judge Praeger granting plaintiff's and defendant Brown's motion for a new trial was void for the reasons, (1) that Judge Praeger was not authorized to grant the motion for a new trial, and (2) defendant Brown did not pay the filing fee due for filing his intention to move for a new trial within 10 days after notice of the entry of judgment.*

This contention is likewise devoid of merit. ■ An order not void on its face granting a motion for a new trial from which no appeal has been taken and which is final is not reviewable on appeal from a subsequent judgment rendered upon a retrial of the cause. (*Zschokke* v. *Lumley,* 22 Cal.App.2d 224, 225 [1] [70 P.2d 495]. *Cf. Snyder* v. *Dorosh,* 22 Cal.App.2d 591 [1] [72 P.2d 158].)

In the present case a mere reading of the order granting the motion for a new trial set forth *in extenso, supra,* shows that it is not void on its face. Since the questions here urged by defendant Beatty could have been raised on appeal from such order, by failing to appeal therefrom she has waived them.

Third: *Since no motion for a new trial was made relative to Judge Bradshaw's finding in case No. 536792, it became final and the present judgment quieting title in favor of plaintiff was beyond the issues in the case.*

This proposition is not meritorious. Defendant Beatty contends that since Judge Bradshaw entered findings and judg-

ment in each of the consolidated cases and a motion for a new trial was made and granted as to one of the actions only (No. 544457), the judgment in the other case (No. 536792) in favor of defendant Beatty became final. Such is not the law.

Where two lawsuits are ordered consolidated for trial, and actually tried together, there should be but one set of findings of fact and conclusions of law and one judgment. If there is a duplicate set of findings of fact and conclusions of law, it will be considered an inadvertence of the trial judge and they will be considered for all purposes as one document, that is, one set of findings of fact, conclusions of law and one judgment. (*Bechtold* v. *Bishop & Co., Inc.,* 16 Cal.2d 285, 287 [105 P.2d 984]; *Clinton* v. *Hogan,* 80 Cal.App.2d 815, 821 et seq. [183 P.2d 50]; *Stanton* v. *Superior Court,* 202 Cal. 478, 484 et seq. [261 P. 1001]; *Willamette etc. Co.* v. *Los Angeles College Co.,* 94 Cal. 229, 232 et seq. [29 P. 629]; *Union Lbr. Co.* v. *Simon,* 150 Cal. 751, 762 [89 P. 1077, 1081].)

Applying the foregoing rule to the facts in the instant case it is obvious that when the motion for a new trial was granted in action No. 544457, the order operated to grant a motion for a new trial in the consolidated action No. 536792.

Fourth: *There was not substantial evidence to sustain the findings of the trial court that the property in question, (a) was community property, and (b) was not a gift to defendant Beatty.*

This contention is untenable. Viewing the evidence as we must in the light most favorable to plaintiff (respondent) and pursuant to the rules set forth in *Estate of Isenberg,* 63 Cal.App.2d 214, 216 [146 P.2d 424], the record discloses (a) both the real property and automobile in question were purchased with funds earned by decedent during his marriage to plaintiff which, being community funds, established the character of the real property and automobile as community property, and (b) at no time during the trial did defendant Beatty claim that the property was a gift to her, but on the contrary she contended she had paid for it with her own funds. It is therefore clear the trial court's finding is sustained by substantial evidence.

It needs no citation of authority to support the thesis that an appellate court must disregard contrary evidence, as well as contrary inferences and conclusions which *were not* but which *might* have been drawn by the trier of fact. It would serve no useful purpose to herein further detail

other evidence in support of the trial judge's conclusions which appear in the record. It is likewise unnecessary to discuss other points argued by counsel, since regardless of the finding on such contentions the judgment would necessarily be affirmed. (*Cf. Thatch* v. *Livingston,* 13 Cal.App.2d 202, 203 [56 P.2d 549].)

Affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied June 22, 1953, and appellant's petition for a hearing by the Supreme Court was denied August 6, 1953.